### R. O. STENZEL & CO. v. DEPARTMENT STORE PACKAGE, ETC., LOCAL UNION NO. 955 et al.

#### No. 6810.

United States District Court
W. D. Missouri, W. D.

June 20, 1951.

Harry L. Browne and Joseph Kelly, Jr., (of Spencer, Britt & Browne), Kansas City, Mo., for plaintiff.

Clif Langsdale and John J. Manning, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

The defendants have severally filed motions to dismiss and the first named defendant, which may be designated as the Teamsters Union, has, in addition, filed a motion for a more definite statement, and to stay proceedings. The Teamsters Union is under a labor contract with the plaintiff, as appears from the pleadings, motions, and attached documents. The defendant, Wholesale Wine and Liquor Workers, Local Union No. 17, A. F. of L., is not connected with the plaintiff by any contractual arrangement. It is for that reason that the latter defendant has simply moved for a dismissal of the action as against it.

The complaint covers more than six pages of typewritten matter. It alleges, in substance, that the defendant, Teamsters Union, was bound to it under a contract containing the usual and conventional provisions of labor contracts and that it, together with the other defendant, through their several agents, "acted jointly and in concert and combined and conspired with each other in the breach of the contract between the Plaintiff and Defendant Teamsters Union as aforesaid."

It will be observed, therefore, that by an alleged conspiratorial arrangement, the business of the plaintiff engaged in interstate commerce has been stopped. There

are allegations that the Wholesale Wine and Liquor Workers, Local Union No. 17 A. F. of L., established picket lines about the place of business of the plaintiff and the members of the Teamsters Union declined to cross said picket line, all of which resulted in a strike, and, as asserted, resulted in a stoppage and an interference with plaintiff's interstate business.

Section 185, Title 29 U.S.C.A., specifically provides for the institution and maintenance of suits for violation of contracts between an employer and a labor organization, and Section 187 is more specific in relation to unlawful combinations which effectively cause work stoppage in the manufacture of products designed for interstate commerce.

1. Both Unions seek dismissal of the action on identical grounds, save only that the Liquor Workers Union seeks a dismissal upon the ground that it is in no way under contract with the plaintiff. The Teamsters Union seeks dismissal on the ground that the complaint fails to state a cause of action.

The complaint is sufficient to show an interference with a contract between the plaintiff and its employees through the Union, that there was a suspension of operations due to picketing of the place of business, and, as clearly stated, the responsibility is fixed by the averments of the complaint.

While the Liquor Workers Union was not under contract with the plaintiff, yet it is joined by reason of its alleged combination and conspiracy with the agents of the other defendant. This would be sufficient to state a cause of action against both. Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A., is very liberal as to the contents of a complaint and by paragraph (f) of said Rule 8, "All pleadings shall be so construed as to do substantial justice."

Under said Rule 8, Federal Rules of Civil Procedure, the courts have held that a complaint is sufficient, if, upon any view, facts are stated sufficient to entitle the plaintiff to relief. Guth v. Texas Co., 7 Cir., 155 F.2d 563; Sparks v. England, 8 Cir., 113 F.2d 579; Clyde v. Broderick, 10 Cir., 144 F.2d 348. Moreover, the Court of Appeals for the 8th Circuit has repeatedly held that a complaint should never be dismissed if it appears to the court that the grounds or a basis for relief are stated in the complaint. Clearly, if the two defendants by their joint actions have designedly interfered with the business operations of the plaintiff, to its damage, a cause of action is stated.

2. Defendant Teamsters Union seeks to have the plaintiff make a more definite statement of its averments. The information sought by the motion can easily be obtained under the disclosure rules. There are no ambiguous averments in the complaint, and, furthermore, the said defendant merely seeks a bill of particulars. The rule for a bill of particulars has long since been deleted from the Federal Rules of Civil Procedure. This was done in the light of a litigant's ability to obtain the identical information by using the disclosure rules.

3. A motion to stay proceedings because of an arbitration clause should in like manner be denied. The nature of the dispute is not covered by the arbitration provisions of the contract. This is true for the reason that no adjustable differences have arisen between the employer and the employees, but, as indicated, the suit is for damages not alone because of a breach of a contract but because of a claimed or an alleged conspiracy to breach the contract. Such an action is maintainable and is a matter not contemplated by the arbitration clause of the contract attached to the defendant Teamsters Union's motion to stay proceedings.

The several motions of the defendants should be and will be overruled.