**AACON CONTRACTING CO., Inc.,**
**Plaintiff,**

v.

**ASSOCIATION OF CATHOLIC TRADE**
**UNIONISTS, Defendant.**

Civ. No. 19681.

United States District Court
E. D. New York.

Oct. 20, 1959.

See, also, 175 F.Supp. 659.

Raphael, Searles, Levin & Vischi, New York City, for plaintiff.

Harold, Luca, Persky & Mozer, New York City, for defendant.

BRUCHHAUSEN, Chief Judge.

This action was brought under Sections 301 and 303 of the Labor Management Relations Act of 1947, 29 U.S.C.A. §§ 185 and 187, to recover damages for acts allegedly induced by defendant. Defendant moves for dismissal of the complaint on the grounds that the complaint fails to state a cause of action and that the court lacks jurisdiction.

The complaint alleges, in substance, that the defendant attempted to compel plaintiff to breach a collective bargaining agreement it had with another union, namely, local 1205 of the International Brotherhood of Teamsters; that the defendent attempted to induce plaintiff's employees to affiliate with a labor organization other than the one with which plaintiff had an agreement; that defendant brought pressure on plaintiff's employees in order to force them to leave their employment; that the defendant attempted to force plaintiff to bargain with it in spite of the agreement plaintiff had with local 1205.

Defendant contends that Section 185 (a) applies only to suits for violation or enforcements of contracts between employees and labor organizations and that Section 187(a)(3) applies only in a situation involving an attempt to force a party to disregard a certified union. The defendant further claims that it is not a labor organization within the meaning of the statute.

Neither Section 185 nor Section 187 is applicable to the case at bar. Section 185(a) states as follows:

"(a) Suits for violation of contracts between an employer and a

labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The language of the statute is explicit. It specifically refers to suits for violation of contracts between an employer and a labor organization. In this case there is no contractual relationship between the parties.

Plaintiff attempts to enlarge the scope of the statute to include conspiracy. It cites cases purporting to hold that suits for conspiracy will also lie under this section. However, the cases cited involve conspiracies in which one of the parties was a labor organization which had a contract with plaintiff in the action. R. O. Stenzel & Co. v. Department Store Package, etc., D.C., 11 F.R.D. 362; Pepper & Potter, Inc. v. Local 977, United Auto Workers, C.I.O., D.C., 103 F.Supp. 684. In the Pepper & Potter case a cause of action under Section 185 was upheld upon the ground that all of the elements of breach of contract were present. The plaintiff herein does not allege the existence of a contract, express or implied, therefore Section 185 is not applicable.

█ Furthermore, Section 187 is inapplicable. It provides as follows:

"(a) It shall be unlawful, for the purposes of this section only, in an industry or activity affecting commerce, for any labor organization to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is— * * *

"(3) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representative of such employees under the provisions of section 159 of this title."

Plaintiff claims that certification of a union under this section is not essential and that since plaintiff had a contract with local 1205 any activity by defendant to obtain bargaining rights violates the section.

Certification has been held to be the controlling factor in cases under Section 187. In Parks v. Atlanta Printing Pressman and Assistant's Union, 5 Cir., 243 F.2d 284, 287, certiorari denied 354 U.S. 937, 77 S.Ct. 1397, 1 L.Ed.2d 1537, a strike by a noncertified union was held unlawful where another union had been certified even though the certified union no longer represented the employees and the employer could not be forced to bargain with it. The court pointed out that the language of the statute does not state "designated or selected by a majority of the employees" or "then representing a majority of the employees", or one with whom the "employer is by law required to bargain collectively." The language is specific "certified as the representative of such employees." The court points out that the decisive element is certification by the Board and agrees with the ruling in Tungsten Mining Corporation v. District 50, etc., 4 Cir., 242 F.2d 84.

In the case of United Mine Workers of America v. Patton, 4 Cir., 211 F.2d 742, 47 A.L.R.2d 850, arising under 187(a) (2), a union, having a contract with an employer sought dismissal of an action against it, claiming that its conduct came within the exception in the statute reserved for certified unions. The court held that the exception applied solely to certified unions and it was not in the court's power to enlarge on the specific wording of the statute and apply it to contract holding unions.

Since the statute does not apply to this case, the question of whether or not defendant is a labor organization, as therein defined, is moot.

The defendant's motion is granted.