CURTIS BAY TOWING COMPANY OF
PENNSYLVANIA

v.

NATIONAL MARITIME UNION OF
AMERICA, Seafarers' International Union of North America, International Longshoremen's Association, Local 1291, International Maritime Workers' Union, Steve Cardullo, individually, and as an officer and member representative of all the members of Seafarers' International Union of North America, Richard Askew, individually, and as an officer and member representative of all the members of International Longshoremen's Association, Local 1291, Louis Parise, individually, and as an officer and member representative of all the members of International Maritime Workers' Union, Louis Parise, individually, and as an officer and member representative of all the members of National Maritime Union of America, and Shannon J. Wall, individually, and as an officer and member representative of all the members of International Maritime Workers' Union.

P. F. MARTIN, INC.

v.

NATIONAL MARITIME UNION OF
AMERICA, Seafarers' International Union of North America, International Longshoremen's Association, Local 1291, International Maritime Workers' Union, Steve Cardullo, individually, and as an officer and member representative of all the members of Seafarers' International Union of North America, Richard Askew, individually, and as an officer and member representative of all the members of International Maritime Workers' Union, Louis Parise, individually, and as an officer and member representative of all the members of National Maritime Union of America, and Shannon J. Wall, individually, and as an officer and member representative of all the members of International Maritime Workers' Union.

Civ. A. Nos. 29759, 29760.

United States District Court
E. D. Pennsylvania.
June 29, 1962.

Wm. Charles Hogg, Jr., of Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiffs.

Richard H. Markowitz (for motion), Abraham E. Freedman, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

These are two companion actions brought by tugboat operators against various labor organization defendants and certain of their officers and representatives.[1] The first cause of action in each Complaint is based on § 303 of the Labor Management Relations Act, 29 U.S.C.A. § 187, and alleges that the defendants induced individuals employed by plaintiffs, Pennsylvania Tidewater Dock Company, and employees of others to engage in strikes and other activities in violation of § 8(b) (4) of the Act, 29 U.S.C.A. § 158(b) (4). The second cause of action is the one to which the instant Motion of Seafarers' International Union of North America (hereinafter called "SIU") and its representative, Cardullo, is directed.

The second cause of action is brought under § 301 of the LMRA, 29 U.S.C.A. § 185. This cause of action incorporates paragraphs 2–13 of the first cause of action by reference and then states that the plaintiff in each case had a contract with Locals 1800 and 1700 of the Inland Boatman's Union of SIU and with Local 101, Marine Engineers Beneficial Association, under which it was agreed that employees of plaintiffs represented by the Locals would perform their duties without engaging in strikes. None of these three Locals is named as a party defendant in either of these suits. The Complaints allege that the defendants induced plaintiffs' employees who were represented by the said Locals not to perform their contracts and to engage in work stoppages. Also, it alleges that (a) each of the plaintiffs had reasonable expectation of business relationships with others, (b) the defendants induced the others not to enter into a business relationship with plaintiffs, and (c) the plaintiffs were prevented from performing tugboat services by the actions of the defendants.

The Answers of SIU and Cardullo[2] deny that SIU has affiliated with it any local unions or that it controls the activities of its members, admit that Cardullo is the port agent of SIU in Philadelphia but deny that he resides here, and state that, under the agreement the plaintiffs have with the local unions, their employees are not required to cross a picket line or perform work for members of any other union in an industrial dispute. The Motions To Dismiss The Second Cause of Action filed on behalf of SIU and Cardullo[3] are based on their position that this court does not have jurisdiction of the cause of action because there is no allegation that the plaintiffs are parties to a contract with defendant labor organization or that defendants have violated a contract with plaintiffs. It is also alleged that there is no jurisdiction under § 301 for an action sounding in tort and that the agreements referred to in the Complaints were not violated because they specifically permit plaintiffs' employees to refuse to perform when a picket line exists in front of a vessel.

Since paragraph 9 of the Complaints alleges that Cardullo "is an offi-

---

1. The Complaints are virtually identical except in their references to facts concerning the identity and business of plaintiffs.

2. See Document No. 4 in the Clerk's file in each case.

3. See Document No. 5 in the Clerk's file in each case.

cer and the responsible representative at Philadelphia of Defendant, SIU," the second cause of action will be dismissed as to him (see Atkinson v. Sinclair Refining Co., 82 S.Ct. 1318), without prejudice to the right of plaintiffs to file an amendment to the Complaints within thirty days, making a claim against him as an individual only and not as a representative of a labor organization if the facts permit such amendment.

Section 301 enables unions to sue and be sued for violation of contract.[4] The present plaintiffs have no contract with any of the defendants. The second cause of action is based on the allegation that the defendants induced plaintiffs' employees represented by the named local unions not to perform their contracts and to engage in work stoppage and that they induced other companies not to enter into a business relationship with plaintiffs, thus preventing plaintiffs from performing tugboating services.

These allegations do not assert violation of a contract to which defendants are a party, but rather sound in tort for recovery for inducing breach of contract or interfering with business relationships. Although the question is not free from doubt,[5] the undersigned concludes that the second cause of action is not the type contemplated by the legislators who enacted § 301 and cannot be sustained under that section. See Burlesque Artists Ass'n v. I. Hirst Enterprises, 134 F.Supp. 203, 204 (E.D.Pa.1955); Aacon Contracting Co. v. Ass'n of Catholic Trade Union, 178 F.Supp. 129 (E.D. N.Y.1959), aff'd. 276 F.2d 958 (2nd Cir. 1960); Square D Co. v. United Electrical Radio & Mach. Workers, 123 F. Supp. 776 (E. D. Mich. 1954); Haspel v. Bonnaz, Singer & Hand Embroiderers, etc., 112 F.Supp. 944, 945 (S.D.N.Y. 1953), aff'd. 216 F.2d 192 (2nd Cir. 1953); S. Report 105, 85th Cong., 1st Sess., p. 30, 93 Cong.Record 3955 & 4410.[6]

Since the second cause of action alleges "a second ground of recovery

4. "All the statute talks about is a suit for violation of the contract * * *." Isbrandtsen Co. v. Local 1291, etc., 204 F.2d 495, 496 (3rd Cir. 1953). In Schatte v. International Alliance, etc., 84 F.Supp. 669 (S.D.Cal.1949), the court stated at p. 672: "Whatever else may be said * * * any right of recovery under Section 301 must rest upon a *contract* and its asserted violation." See, also, Copra v. Suro, 236 F.2d 107, 113 (1st Cir. 1956); Consolidated Laundries Corp. v. Craft, 185 F.Supp. 631, 634 (S.D.N.Y.1960); and 93 Cong.Rec. 6445 (1947).

5. Cf. Isbrandtsen Co. v. Local 1291, etc., supra; International Union of Operating Engineers, Local 653 v. Bay City Erec. Co., 300 F.2d 270 (5th Cir. 1962).

6. The above legislative history indicates that Congress intended to make a defendant union such as SIU liable for violation of contracts to which it was a party under § 301, rather than for causing breaches of contract to which a defendant union is not a party. The following language of Senator Taft is found at p. 3055 of the Congressional record:

"Mr. President, Title III of the Bill, on page 53, makes unions sueable in the Federal Courts for violation of contract. As a matter of law unions, of course, are liable in theory on their contracts today, but as a practical matter it is difficult to sue them. They are not incorporated; they have many members; in some states all of the members must be served; it is difficult to know who is to be served. But the pending Bill provides they can be sued as if they were corporations and if a judgment is found against the labor organization, even though it is an unincorporated association, the liability is on the labor union and the labor union funds, * * *."

Senator Smith made the following statement appearing at p. 4410:

"I come now to Title III, which is very brief, and merely provides for suits by and against labor organizations, and requires that labor organizations, as well as employers, shall be responsible for *carrying out contracts legally entered into as the result of collective bargaining.* That is all Title III does. I cannot conceive of any sound reason why a *party to a contract* should not be responsible for the fulfillment of the contract; it is outside my comprehension how anyone can take such a position." (Emphasis supplied.)

from the same facts"[7] stated in the first cause of action, the plaintiffs are entitled to present this second ground, being the principle of Lumley v. Gye, 2 E. & B. 216 (1853), and Phila. Ball Club, Ltd. v. Lajoie, 202 Pa. 210, 51 A. 973, 58 L.R.A. 227 (1902), even though there may be no diversity of citizenship between the parties.[8] See Hurn v. Oursler, 289 U.S. 238, 245–247, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). The Complaints allege the violation of a single right, namely, plaintiffs' right to protection of carrying on their businesses in accordance with their collective bargaining contracts. Under these circumstances, SIU's Motion To Dismiss The Second Cause of Action may not be granted on this record.

---

7. Cf. Hook v. Hook & Ackerman, Inc., 233 F.2d 180, 184 (3rd Cir. 1956).

8. Curtis Bay is a Pennsylvania corporation and Martin a Delaware corporation with its principal place of business in Philadelphia. The union defendants are unincorporated associations. The Complaints allege that Cardullo, Parise and Askew reside in Philadelphia and Wall in New Jersey. There is no allegation as to citizenship of the individual defendants. Cardullo has denied that he resides in Philadelphia (see Document No. 4, par. 4, in the Clerk's file in each case).