Louis RIZZUTO, Plaintiff-Appellant,

v.

**WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST, Teamsters, Chauffeurs, Helpers and Delivery Driver Union Local No. 690, and George Cavano, Trustee, Defendants-Appellees.**

No. 76–2699.

United States Court of Appeals, Ninth Circuit.

Sept. 7, 1977.

Rehearing Denied Jan. 5, 1978.

---

John F. Bury, Michael J. Hemovich, argued, Bantz, Hemovich, & Nappi, Spokane, Wash., for appellants.

Patrick H. Murphy, Spokane, Wash., Thomas K. Cassidy, argued, Hafer, Cassidy & Price, Seattle, Wash., for appellees.

Before CHAMBERS and MERRILL, Circuit Judges, and HOFFMAN,* District Judge.

MERRILL, Circuit Judge:

By this action appellant, Rizzuto, charges appellee union with wrongfully terminating his membership in the union and thereby depriving him of his right to continue to contribute to and share in the union's pension fund. He seeks a declaration that he is entitled to share in the fund.

In the action below the union moved for summary judgment, asserting as one ground that Rizzuto had not exhausted his intra-union remedies. Motion for summary judgment was granted on this ground by the district court. Rizzuto moved for reconsideration, which motion was denied. Judgment was then formally entered against Rizzuto and this appeal followed.

The court's holding that exhaustion of intra-union remedies was required was based on 29 U.S.C. § 411(a)(4) a part of subchapter II of the Labor-Management Reporting and Disclosure Act, known as the Bill of Rights of Members of Labor Organizations, which reads as follows:

"No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency * * * *Provided*, That any such member may be

---

\* Honorable Walter E. Hoffman, Senior United States District Judge of the Eastern District of Virginia, sitting by designation.

required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof."

 Rizzuto contends that the requirement for exhaustion contained in the proviso is limited to actions brought to vindicate rights granted by subchapter II,[1] and that this is not such a case. He contends that § 411(a)(4) thus has no application to his action and that there is no need to exhaust union remedies.

We cannot agree. Rizzuto mistakes the manner in which § 411(a)(4) comes into play under the facts here.

It is not § 411(a)(4) that requires Rizzuto to exhaust his union remedies. It is Article XIX § 12(a) of the Teamsters International Constitution, which provides:

"Every member * * * against whom adverse rulings or decisions have been rendered or who claim to be aggrieved, shall be obliged to exhaust all remedies provided for in this Constitution and by the International Union before resorting to any court, tribunal or agency against the International Union, any subordinate body or any officer or employee thereof."

However, unless this limitation upon the right of a member to sue his union can be squared with § 411(a)(4) it would seem to be in clear violation of that section. Thus, the proviso of that section does not in this case create an exhaustion requirement; instead it operates to limit the exhaustion requirement created by the union constitution.

The district court found that plaintiff had not attempted to exhaust union remedies prior to filing suit, that such remedies exist, and that the remedies have not been shown to be inadequate or futile. Under these circumstances the district court could properly exercise its discretion by refusing to consider the merits of plaintiff's claims. *See Buzzard v. Local Lodge 1040 Int'l Ass'n of Machinists and Aerospace Workers*, 480 F.2d 35, 41–42 (9th Cir. 1973). In dismissing suit the court noted that since it had not reached the merits of the dispute, its judgment did not preclude the bringing of another action once union remedies had been exhausted to the extent required by § 411(a)(4).

With reference to the proviso of that section the Supreme Court has said in *NLRB v. Indus. Union of Marine & Shipbuilding Workers*, 391 U.S. 418, 426, 88 S.Ct. 1717, 1723, 20 L.Ed.2d 706 (1968):

"We conclude that 'may be required' is * * * a statement of policy that the public tribunals whose aid is invoked may in their discretion stay their hands for four months, while the aggrieved person seeks relief within the union. We read it, in other words, as installing in this labor field a regime comparable to that which prevails in other areas of law before the federal courts, which often stay their hands while a litigant seeks administrative relief before the appropriate agency."

This language may suggest that it would have been proper for the district court to retain the action, staying further procedures before it until union remedies had been exhausted or had unsuccessfully been sought for a period of four months. However, no contention was made here or in the district court that the method chosen by the

---

1. Appellant cites *United Broth. of Carpenters & Joiners v. Brown*, 343 F.2d 872, 881 (10th Cir. 1965), and *Purcell v. Keane*, 406 F.2d 1195, 1199 (3d Cir. 1969), as support, but we do not reach the merits of this contention. We note, however, that appellant appears to assume incorrectly that § 411(a)(4)'s proviso is the source of authority to require exhaustion. Exhaustion was required by courts long before § 411(a)(4) was enacted. *See generally* Summers, *The Law of Union Discipline: What the Courts Do In Fact*, 70 Yale L.J. 175 (1960); Summers, *Legal Limitations on Union Discipline*, 64 Harv.L.Rev. 1049 (1951). The proviso was enacted "to preserve the exhaustion doctrine * * * lest it otherwise appear to be Congress' intention to have the right to sue secured by [§ 411(a)(4)] abrogate the requirement of prior resort to internal procedures." *Detroy v. Am. Guild of Variety Artists*, 286 F.2d 75, 78 (2d Cir.), *cert. denied*, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961).

district court by which to stay its hand was prejudicial to appellant's claim.

Affirmed.