James L. FABIAN et al.

v.

FREIGHT DRIVERS AND HELPERS LOCAL NO. 557 et al.

Civ. No. Y-78-178.

United States District Court, D. Maryland.

April 21, 1978.

Alan Katzen, Baltimore, Md., for plaintiffs.

Hugh J. Beins, Bethesda, Md., Melvin Warshaw, Washington, D. C., Barry S. Frame, Bernard W. Rubenstein, Baltimore, Md., for defendants.

JOSEPH H. YOUNG, District Judge.

The plaintiffs, members of Freight Drivers and Helpers Local No. 557, have initiated this action against their Local and its affiliated Teamsters organizations, Joint Council No. 62, the Eastern Conference of Teamsters, and the International Brotherhood of Teamsters. The complaint is based on the defendants' alleged violation of the National Freight Agreement and the Maryland, District of Columbia City Cartage Supplement Agreement (referred to hereafter as the freight agreements). Jurisdiction is invoked under 29 U.S.C. §§ 185, 411, and 501 *et seq.* All defendants have moved to dismiss or, in the alternative, for summary judgment. Although the time for doing so has now passed, the plaintiffs have made no response. In considering these motions, the Court will view the factual allegations of the complaint and the reasonable inferences from them in a light most favorable to the plaintiffs. In conformity with Rule 56 of the Federal Rules of Civil Procedure, the Court will also consider those materials

which the defendants have submitted and which remain uncontradicted by the plaintiffs.

Plaintiffs were employed by Associated Transport, Inc., until it was adjudicated a bankrupt on April 28, 1976. During the time of the plaintiffs' employment, Associated Transport, Inc., and the Teamsters were parties to the freight agreements which are collective bargaining contracts between the Teamsters Locals and a multi-unit employers' association. The plaintiffs have alleged that under the freight agreements the defendants were obliged to find employment for them, in line with their seniority, with employers who purchased or obtained the freight rights of Associated Transport, Inc., and who were also signators of the agreements. According to the complaint, the freight rights in question were transferred to other signators, but the defendants failed to determine who these employers were, or to obtain employment with them for the plaintiffs. Based on this alleged breach of the collective bargaining contract, the plaintiffs have asked for an injunction to "restore [them] to a position of employment," to prevent the defendants from taking adverse action against them for filing this action, and to compel the defendants to enforce their rights under the agreements as well as for new union elections, back pay and damages.

■ The plaintiffs have relied in part on § 301 of the LMRA, 29 U.S.C. § 185, for relief. That section provides a federal cause of action for a union's breach of contract, including a collective bargaining agreement.

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Under this provision, individual employees can protect their personal, individual rights. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 562, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Smith v. Evening News Assn.*, 371 U.S. 195, 198–200, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). It is axiomatic, however, that a § 301 suit may be brought only against those who are parties to the contract in issue. *Curtis Bay Towing Co. v. National Maritime Union*, 206 F.Supp. 741 (E.D.Pa.1962); *Aacon Contracting Co. v. Ass'n of Catholic Trade Unions*, 178 F.Supp. 129 (E.D.N.Y.1959). Similarly, when the claim is for a breach of the duty of fair representation under the contract, only the employees' collective bargaining agent can be liable. *Encina v. Tony Lama, Inc.*, 316 F.Supp. 239, 245 (W.D.Tex.1970), aff'd, 448 F.2d 1264 (5th Cir. 1971). Nor is an international union *per se* responsible for the conduct of a local which is a collective bargaining agent. *Walters v. Roadway Express, Inc.*, 400 F.Supp. 6 (S.D.Miss.1975), aff'd in pert. part, 557 F.2d 521 (5th Cir. 1977); *see also Barefoot v. Teamsters*, 424 F.2d 1001 (10th Cir. 1970).

■ The complaint is vague as to whether the unions are charged with directly violating the freight agreements or with failing in their duty to fairly represent the employees under them. In either case, the responses and affidavits of the Teamsters Eastern Conference, Joint Council No. 62, and International conclusively demonstrate that none of these defendants were parties to the agreements, nor were they a collective bargaining agent for the plaintiffs. Thus, there is no cause of action under § 301 against them.

■ The cause of action under § 301 against these defendants should also be dismissed, as should that against Local 557, for a failure to exhaust internal union remedies. "Federal policy requires 'staying the hand of "judicial interference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes concerning its own affairs." ' " *Ruzicka v. General Motors Corp.*, 523 F.2d 306, 311–312 (6th Cir. 1975); ac-

cord, *Imel v. Zohn Mfg. Co.*, 481 F.2d 181, 183 (10th Cir. 1973); *Brady v. Trans World Airlines*, 401 F.2d 87, 104 (3rd Cir. 1968). Not only does the exhaustion requirement conserve judicial resources, it also encourages the development of union democracy. *Foy v. Norfolk & Western Railway Co.*, 377 F.2d 243 (4th Cir. 1967). The rule is imposed under § 301 whether the suit against the union is to remedy an alleged breach of the duty of fair representation, *see, e. g., Newgent v. Modine Mfg. Co.*, 495 F.2d 919, 927 (7th Cir. 1974), or to redress an alleged direct violation of the bargaining contract, *see, e. g., Smith v. DCA Food Ind., Inc.*, 269 F.Supp. 863 (D.Md.1967); *Petroff v. Teamsters Local 614*, 96 LRRM 3410 (E.D.Mich. 1977).

Accordingly, it is incumbent on the plaintiffs at this point to have alleged and shown some attempt to initiate any intra-union remedies available to them. *Bsharah v. Eltra Corp.*, 394 F.2d 502 (6th Cir. 1968). Since they have failed to do so, their action cannot proceed in this forum.

Furthermore, the Court is satisfied that neither of the two recognized exceptions to the exhaustion requirement applies here. Exhaustion is unnecessary where the union lacks or has inadequate internal procedures by which grievances may be heard. *Winter v. Local No. 639, IBT*, 186 U.S.App.D.C. 315, 569 F.2d 146 (1977). Here, however, the Teamsters' constitution provides for and makes mandatory the internal processing of a member's grievances against the locals and union officers. *Teamsters Const. Art.* XIX, § 12(a), §§ 1–3. Courts have consistently upheld these as adequate provisions for internal relief. *Winter v. Local No. 639, IBT, supra*; *Petroff v. Teamsters Local 614, supra*; *see also, Rizzuto v. Teamsters Pension Trust*, 573 F.2d 552, 96 LRRM 2645 (9th Cir. 1977); *Wiglesworth v. Teamsters Local No. 592*, 552 F.2d 1027 (4th Cir. 1976). This Court did not suggest to the contrary in the dicta of *Lanham v. Truck Drivers Local 355*, 96 LRRM 3203, n. 4 (D.Md.1977), where the parties had not presented to the Court the relevant provisions of the Teamsters' constitution. Moreover, the Teamsters' procedures are not rendered inadequate because of the unavailability of the money damages requested here by the plaintiffs. *Winter v. Local No. 639, IBT, supra*, 186 U.S.App. D.C. at 318, 569 F.2d at 149.

A second set of circumstances excusing the necessity of exhaustion involves hostility on the part of the union officials. A plaintiff can meet this exception by circumstantial evidence, or by concrete evidence of personal animus, but the cases in which exhaustion is excused on this ground generally involve extreme facts. *See Winter v. Local No. 639, IBT, supra* at n. 15 (and cases cited therein). Regardless of how high the standard may be, the exception is inapplicable here since the plaintiffs have neither alleged nor shown any hostility against them.

The second statute on which the plaintiffs base their cause of action is 29 U.S.C. § 411. This provision, also known as the union member's "Bill of Rights," prohibits union interference with the rights of members to participate in union democratic procedures, to speak and assemble freely, to have a say in dues and fees increases, to seek redress in the courts, and to a fair administration of disciplinary rules. 29 U.S.C. §§ 411(a)(1)–(5). The complaint gives no indication of whether or how any of the defendants infringed on any of these rights. Moreover, § 411(a)(4) expressly provides that before bringing suit in federal court, a plaintiff must pursue any mandatory internal remedy. Therefore, just as the plaintiffs' failure to allege and show exhaustion prevents them from going forward under § 301, their claims, if any, under § 411 are also barred. *See Wiglesworth v. Teamsters Local 592, supra*.

Section 501, the third purported statutory basis for the plaintiffs' action, is wholly inappropriate. Even a cursory reading of § 501 reveals that plaintiffs cannot proceed without "leave of the court obtained upon verified application and for good cause shown . . . ." 29 U.S.C. § 501(b). The case law is equally clear that

these requirements are mandatory. *See, e. g., Coleman v. Brotherhood of Ry. and Steamship Clerks*, 340 F.2d 206, 208–209 (2d Cir. 1965); *cf., Dinko v. Wall*, 531 F.2d 68 (2d Cir. 1976); *Horner v. Ferron*, 362 F.2d 224 (9th Cir. 1966). Moreover, even assuming an official's fiduciary duties under § 501 include non-monetary matters, compare *Gurton v. Arons*, 339 F.2d 371 (2d Cir. 1964), with *Nelson v. Johnson*, 325 F.2d 646 (8th Cir. 1963), it is clear that this suit has not been initiated on behalf of the union, but for the benefit of particular members. Thus, the plaintiffs cannot rely on § 501 for this additional reason. *See Phillips v. Osborne*, 403 F.2d 826, 931–932 (9th Cir. 1968).

The disposition here obviously moots the plaintiffs' request for a class action. Similarly moot are the other grounds on which the defendants have moved to dismiss or for summary judgment. Nothing stated herein should be construed as expressing an opinion or as reflecting upon the merits of the legal or factual issue relating to those grounds.

One defendant, Local 557, has counterclaimed for its reasonable attorneys' fees, costs, and expenses. Although the plaintiffs' action is deficient in several respects it cannot be said that it is wholly frivolous or without substance. As such, the Court will apply the usual rule that the parties should pay their own attorneys' fees and expenses while the plaintiffs, as the non-prevailing party, will be charged for court costs.

Accordingly, it is this 21st day of April, 1978, by the United States District Court for the District of Maryland, ORDERED:

That defendants' motion for summary judgment be, and the same is, hereby GRANTED.