Philip DelCOSTELLO, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA et al., Defendants.

Civ. A. No. J–78–436.

United States District Court,
D. Maryland.

March 17, 1981.

---

William H. Zinman, Baltimore, Md., for plaintiff.

Bernard W. Rubenstein, Carl S. Yaller, Baltimore, Md., for Local 557.

Gerald P. Martin, Baltimore, Md., Bernard Goldfarb, Cleveland, Ohio, Arnold M. Weiner, Baltimore, Md., for Anchor.

Roland P. Wilder, Jr., Washington, D. C., for International.

## MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

Plaintiff instituted this action under the Labor Management Relations Act, 29 U.S.C. § 185, against his employer, Anchor Motor Freight, Inc., for his allegedly wrongful discharge on June 27, 1977, and against Local 557, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereafter referred to as the Local) and the International Brotherhood of Teamsters (hereafter referred to as the International) for breach of the duty of fair representation in connection with the grievance arbitration proceeding. The action arose out of an incident that occurred on

June 27, 1977. Plaintiff reported for work and was assigned a tractor-trailer to use in transporting a load of new automobiles from Baltimore to Montreal, Canada and a return trip with another load to Washington, D.C. Plaintiff inspected the truck and reported several conditions he thought needed repair to the maintenance shop foreman. Some repairs were made, and the plaintiff was later told that the truck was ready. Plaintiff contended that all the items he had noted as needing repair were not performed, that driving the truck in its condition then would be dangerous, and refused to drive the truck. The company contended that all necessary repairs had been made and the truck was safe to drive. Plaintiff's continued refusal to drive the truck resulted in his termination.[1]

Plaintiff contacted Arthur C. Morningstar, business agent for the Local. Unresolved at the local level, the matter was heard on July 10, 1977 by the Eastern Conference Automobile Transporters Joint Committee in a formal grievance proceeding. The Eastern Conference panel ruled in favor of the employer. Plaintiff alleges that he was inadequately represented by the Union at that proceeding. Suit was filed in this Court on March 26, 1978.

All three defendants filed motions for summary judgment. The International's motion was never answered by plaintiff. Plaintiff responded to the motions of the Local and Anchor Motor Freight, and oral argument before this Court was held March 6, 1981. The International's motion for summary judgment was granted in an oral ruling at the hearing, and its request for attorneys' fees and costs was denied. Ruling on the motions of the employer and the Local was deferred at the hearing, and this opinion now addresses those motions.

Some of the same grounds for summary judgment are asserted by the Local and the Employer, and the common grounds are treated together.

1. *Failure to exhaust intraunion remedies.*

The Teamsters constitution, Art. XIX, § 12(a) requires that "every member ... against whom adverse rulings or decisions have been rendered or who claims to be aggrieved, shall be obliged to exhaust all remedies provided for in this Constitution and by the International Union before resorting to any Court..." Article XIX, § 1, sets up procedures by which members may prefer charges against another member or any officer, with trial by the Local's Executive Board. If disciplinary action is taken against the member, he may appeal to the Joint council. Plaintiff admittedly exhausted the contractual grievance remedy for his discharge but did not initiate any of the proceedings provided for in the Teamsters constitution for charges or grievances brought against union members and officers.

The Fourth Circuit has applied the exhaustion of intraunion remedies doctrine in cases involving claims under Labor Management Reporting and Disclosure Act (LMRDA), but no published opinions have applied it in suits such as. this, under the Labor Management Relations Act (LMRA). Courts of appeals in other circuits have, however, applied the exhaustion doctrine to actions brought under § 301 of the LMRA. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1214 (9th Cir. 1980); *Winter v. Local Union No. 639*, 569 F.2d 146 (D.C.Cir.1977); *Newgent v. Modine Mfg. Co.*, 495 F.2d 919 (7th Cir. 1974); *Imel v. Zohn Mfg. Co.*, 481 F.2d 181 (10th Cir. 1973); *Brady v. Transworld Airlines, Inc.*, 401 F.2d 87 (3d Cir. 1968), *cert. denied*, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969); *Bsharah v. Eltra Corp.*, 394 F.2d 502, 503 (6th Cir. 1968) (per curiam) (alternate holding). At least two judges of this district have also done so. *Fabian v. Freight Drivers & Helpers Local No. 557*, 448 F.Supp. 835, 839 (D.Md.1978) (Young, J.); *Murray v. Branch Motor Express Co.*, Civ. No. HM78–1717 (D.Md., July 31, 1979), *aff'd*, 622 F.2d 585 (4th Cir. 1980).

---

1. Plaintiff contends that he was fired; the company contends that his refusal to drive the truck, upon being directed to do so, was regarded as a voluntary quit.

*But see Fox v. Mitchell Transport, Inc.*, Civ. 506 F.Supp. 1346 (D.Md., 1981).

Exhaustion of internal remedies may be excused in a number of instances. The Fourth Circuit recently summarized the exceptions recognized in LMRDA actions. Exhaustion is excused when a disciplinary action taken against a member was illegal or "void" or where, for any reason, the remedy would be inadequate, illusory or futile. *Keeffe Bros. v. Teamsters Local Union No. 592*, 562 F.2d 298 (4th Cir. 1977). The latter exception is relevant to suits under the LMRA, *e. g., Winter v. Local Union No. 639*, 569 F.2d 146 (D.C.Cir.1977), and it has been said to apply where the internal procedures afforded clearly provide no way to obtain the relief requested, *see id.* at 149, or where union hostility is shown, *id.* The hostility involved would be that of the union officials who hear the complaint.

The many cases in this area, only a few of which have been cited here, are conflicting, and factual distinctions alone cannot account for the different results. It appears that the Supreme Court will resolve the issue this term, certiorari having been granted in *ITT Gilfillan v. Clayton*, —— U.S. ——, 101 S.Ct. 352, 66 L.Ed.2d 213 (1980). That, of course, does not relieve this Court of its responsibility to decide the matter now.

■ The appropriate approach, however, is to examine each case in light of the purpose of the exhaustion requirement, which is to afford the union an opportunity to correct its own wrongs or problems before suit. *E. g., Wiglesworth v. Teamsters Local No. 592*, 552 F.2d 1027 (4th Cir. 1976). Given that purpose, the first inquiry is whether the wrong complained of is one that relates to internal union affairs. Cases arising under the LMRDA are, by definition, such matters, and some cases brought under the LMRA may also be of such a nature. The second major inquiry is wheth-

er the internal procedures are sufficient to enable the union member to secure relief. This approach was taken by the Court of Appeals for the District of Columbia in two recent cases involving the remedies at issue here under the Teamsters constitution. *Chambers v. Local Union No. 639*, 578 F.2d 375 (D.C.Cir.1978); *Winter v. Local Union No. 639*, 569 F.2d 146 (D.C.Cir.1977). In the *Winter* case the plaintiff asserted a breach of the duty of fair representation by the Union's failure to process a grievance; in the *Chambers* case, the breach alleged related to the union's conduct following arbitration of a seniority grievance, including its representation at a second grievance hearing. The District of Columbia Court of Appeals affirmed a dismissal for failure to exhaust in the *Winter* case. It noted, as to the Union, that although money damages would not have been available, the disciplinary sanctions could have provided the equivalent of injunctive relief sought. 569 F.2d at 149. In *Chambers*, the facts of which admittedly involved a more serious breach than is alleged here, the Court pointed to the facts that the case related to the employment relation, not a merely internal matter, and that the union proceedings could not produce the remedies of assignment of work by the employer and damages. 578 F.2d at 387. A significant factor in *Chambers* was the union's bias and conflict of interest, *id.* at 388. The Seventh Circuit has, however, reached a similar conclusion in *Miller v. Gateway Transp. Co.*, 616 F.2d 272 (7th Cir. 1980). The Court of Appeals reversed summary judgment in favor of the employer on the exhaustion ground. Assuming that the defense was available to an employer,[2] it noted that the union remedies available to its members did not include setting aside a grievance award or other relief from the employer. *Id.* at 275. This Court finds persuasive the reasoning of those courts that have held the remedies available through the Teamsters constitution to be inadequate to afford re-

---

**2.** Courts have differed on the question when and whether an employer, as well as a union, may raise failure to exhaust intraunion remedies. *Compare, e. g., Geddes v. Chrysler Corp.*, 608 F.2d 261 (6th Cir. 1979) *with Harrison v. Chrysler Corp.*, 558 F.2d 1273, 1278-79 (7th Cir. 1977). It is not necessary here to reach the question.

lief where the plaintiff asserts a claim against his employer for breach of the collective bargaining agreement and against the union for breach of its duty of fair representation by representation at a prior grievance proceeding. *Miller v. Gateway Transp. Co.*, 616 F.2d 272 (7th Cir. 1980); *Chambers v. Local Union No. 639*, 578 F.2d 375 (D.C.Cir.1978); *see Winter v. Local Union No. 639*, 569 F.2d 146, 150–51 n. 26 (D.C.Cir.1977). This decision does not conflict with cases in which the Fourth Circuit has apparently sanctioned the Teamsters procedures for prosecution of claims involving internal affairs.

### 2. *Limitations*

The Local and the Employer assert that plaintiff's action is barred by limitations. The decision of the Joint Council was an arbitration proceeding; therefore, the appropriate time for filing suit was within the Maryland period for vacation of an arbitration award, 30 days, Md.R.P. E4; Md.Cts. & Jud.Proc.Code Ann. § 3–224, or 90 days.

■ As the Local has pointed out, this Court recently decided that the appropriate statute of limitations to be applied to an action for the union's breach of the duty of fair representation is the three-year statute of limitations, on the basis that such a suit cannot be equated with an action to vacate an arbitration award. This Court continues to find the reasoning of the Second Circuit in *Mitchell v. United Parcel Service*, 624 F.2d 394 (2d Cir. 1980), *cert. granted*, —— U.S. ——, 101 S.Ct. 265, 66 L.Ed.2d 127 (1980), more persuasive than that of the Third Circuit in *Liotta v. National Forge Co.*, 629 F.2d 903 (3rd Cir. 1980) with respect to both the union and the employer.

The Supreme Court will apparently decide this question soon, certiorari having been granted and argument heard in *Mitchell* the week of February 23, 1981.

The employer also makes the argument that suit should be barred for untimeliness on equitable grounds, arguing that had it known plaintiff was "disavowing" the union's representation it could have avoided the expense of preparing the case for arbi-

tration or, if notified shortly after the proceeding, could have moved to vacate the arbitration award. Plaintiff certainly could not "disavow" the union as a representative in bringing its grievance. The alternative formulation is simply the limitations argument in another guise. If plaintiff has no obligation to bring his action within the time for vacating arbitration award, he has no obligation to advise his employer he is dissatisfied with the union's representation within the same period.

### 3. *Punitive damages.*

■ The Local is entitled to summary judgment on the issue of punitive damages. The Supreme Court has held that punitive damages cannot be assessed against a union that breaches its duty of fair representation by failure to properly pursue a grievance. *International Brotherhood of Elec. Workers v. Foust*, 442 U.S. 42, 52, 99 S.Ct. 2121, 2128, 60 L.Ed.2d 698 (1979). Its rationale, that depletion of a union treasury through a punitive damage award could impair its effectiveness as a collective bargaining agent, *id.* at 50–51, 99 S.Ct. at 2126–2127, is equally applicable to a breach by failure to represent a member properly in connection with a grievance.

■ The Employer is likewise entitled to summary judgment on the issue of punitive damages, but for a different reason. Plaintiff asserts that the employer breached the collective bargaining agreement by discharging him; he also alleges a conspiracy between his employer and the unions to remove him from his job. Although there might be instances in which an employee could recover punitive damages for a discharge, the facts properly before this Court on motion for summary judgment do not create any factual issues as to malicious or other egregious conduct on the part of the employer.

Although summary judgment could not be granted if the undisputed facts were subject to inferences favorable to plaintiff, the fact of termination alone, without more, does not give rise to such an inference. The

Employer has submitted affidavits establishing that certain repairs were performed on the tractor-trailer plaintiff refused to drive and that the rig was thereafter driven by Curtis Aiken to Canada and back without malfunction. Although the affidavits do not preclude a finding that plaintiff might nonetheless have been justified in refusing to drive the truck, plaintiff has not presented any factual materials to support his contentions regarding his prior complaints, his conversation with mechanics, and other facts upon which he relies. Plaintiff relies on facts previously stated in his deposition and apparently on some statements in the deposition of James Gasper. No depositions have been filed in this case, and thus the Court cannot assume any facts asserted in them. There is no requirement of filing depositions under the federal rules, but if they are relied upon, they must be before the Court. The purpose of a motion for summary judgment is to require that allegations be tested in light of specific facts. *See* 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2739. The moving party bears the burden of demonstrating that the factual material upon which it relies entitles it to summary judgment, *id., e. g., Addickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), but a party who fails to come forward with proper factual material takes a risk that the evidence before the Court will be sufficient to sustain that burden.

In addition to the absence of facts supporting malice or something similar in the circumstances of the termination, there are no facts to support a finding of conspiracy between the Employer and the Local.

### 4. The Employer

The Employer asserts that the arbitration proceeding on plaintiff's termination grievance is conclusive. This, of course, is true, but *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), establishes that a prior arbitration is no bar to suit against the Employer where the union's breach of duty of fair representation has tainted the arbitration process.

The Employer also asserts that it is entitled to summary judgment on the question whether that duty has been breached. (The Local has not moved for summary judgment on that issue). On the facts before this Court, summary judgment cannot be granted.

█ A union breaches its duty of fair representation when its conduct is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes,* 368 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). Something more than negligence must be present, and a union may exercise discretion in representing employees, *Wyatt v. Interstate & Ocean Transport Co.,* 623 F.2d 888, 891 (4th Cir. 1980). In applying the *Vaca* standard, the Fourth Circuit has held that a union's conduct must meet three standards and that a breach of one may constitute a basis for a cause of action. The union must treat all segments of its membership without hostility or discrimination, must exercise its admittedly broad discretion in "complete good faith and honesty," and must avoid arbitrary conduct. *Id.* at 890–91 (quoting *Griffin v. International Union, United Automobile A. & A. I. W.,* 469 F.2d 181, 183 (4th Cir. 1972)).

In this circuit, neither actual ill will nor intentional conduct is necessary to find a breach. *Wyatt v. Interstate & Ocean Transport,* 623 F.2d at 891. The "arbitrary" conduct referred to in *Vaca* may consist of gross indifference or deficiency in a duty. *Id.*

█ Failure to investigate a grievance, for example, as plaintiff asserts, may constitute arbitrary conduct. *deArroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281 (1st Cir. 1970); *see Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). The factual material submitted by the Employer does not establish that there are no disputes of material facts entitling it to summary judgment as a matter of law. As noted before, the depositions are not on file in this case. The Employer has submitted some pages of the plaintiff's deposition relating to the grievance hearing. Although plain-

tiff has not properly controverted these materials, even if consideration of those excerpts is proper, they fail to establish that defendant is entitled to judgment as a matter of law.

Summary judgment on the issue of punitive damages will be entered in favor of the Local and the Employer, and otherwise will be denied.