**Frank SCHONFELD et al., Plaintiffs-Appellees,**

**v.**

**S. Frank RAFTERY, as General President et al.,**

**and**

**Louis Caputo, as President et al., Defendants-Appellants.**

**No. 530, Docket 31512.**

United States Court of Appeals Second Circuit.

Argued Aug. 8, 1967.

Decided Aug. 10, 1967.

Stephen C. Vladeck, New York City (Vladeck, Elias, Frankle, Vladeck & Lewis, Everett E. Lewis, Michael A. Buonora, New York City, David S. Barr, William B. Peer, Washington, D. C., on the brief), for defendants-appellants.

Burton H. Hall, New York City, for plaintiffs-appellees.

Before MOORE, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

On October 19, 1966, defendant S. Frank Raftery, General President of the Brotherhood of Painters, Decorators and Paperhangers of America ("the Brotherhood"), placed District Council No. 9 of the Brotherhood under a special trusteeship, naming John Damery as Trustee. On April 6, 1967, nineteen members of local unions affiliated with the District Council sued to enjoin the continued functioning of the trusteeship and for related relief, invoking 29 U.S.C. §§ 185, 462 and 464. In an exhaustive opinion rendered after seven days of an evidentiary hearing resulting in over 1,400 pages of transcript, 271 F.Supp. 128, Judge Frankel of the United States District Court for the Southern District of New York found that the Brotherhood had imposed and maintained the trusteeship in bad faith to keep an entrenched group in power rather than for one of the lawful purposes stated in 29 U.S.C. § 462. Accordingly, on June 21, 1967, the judge postponed a partial union election, which had been scheduled for June 24, 1967, and ordered a supervised election for all officers on September 16, 1967, with the intention of terminating the unlawful trusteeship thereafter. Appellants, who are various Brotherhood or District Council officers, appeal from that preliminary injunction. Because of the obvious exigencies, the appeal has been expedited at appellants' request.

In this court appellants claim, *inter alia,* that the district court erred in finding that the trusteeship had been established and maintained in bad faith; in failing to dismiss the complaint because plaintiffs had not exhausted their remedies within the union and through the Department of Labor; and in postponing and then supervising the union election.

■■ The record and opinion below make clear that the finding of bad faith was not only not "clearly erroneous" but was amply justified. Appellants' remaining points are adequately dealt with in the opinion below, and we affirm on that analysis. In further support of their exhaustion argument, appellants press here the decision of this court, rendered after the injunctive order below, in Wirtz v. Hotel, Motel and Club Employees Union, Local 6, 381 F.2d 500 (2d Cir. July 28, 1967). But that case, like Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), is not controlling because it does not involve Title III of the Labor-Management Reporting and Disclosure Act of 1959. It is that Title which plaintiffs rely on here and, as Judge Frankel pointed out, the majority view properly construes it to allow suit by a union member even though he has not filed a complaint with the Secretary of Labor. It is true that *Local 6* emphasized that Congress in-

tended interference with union elections to be kept to a minimum. Our decision here reflects no disagreement with that general policy because the instances when judicial supervision of an election will be required to undo the harm of an improperly imposed union trusteeship are comparatively few and the practical considerations justifying it in those limited circumstances are so compelling. The need to exhaust internal union remedies was not discussed in the opinion below; however, even if there were such a requirement in a Title III action, under the circumstances disclosed here such a course was not necessary. Cf. Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L. Ed.2d 388 (1961).

The motions for leave to file amicus briefs are granted. Judgment affirmed.