405 F.2d 230
 70 L.R.R.M. (BNA) 2221
 Fred CASSIDY, Plaintiff-Appellant,
v.
Richard HORAN, James Richard, Betty Ponticello, Larry
Storey, Joseph Vaccaro, David Conner, Ray Jund,
Alex Riola, Miriam Wells and Charles
Rence, Sr., Defendants-Appellees.
 No. 19, Docket 32126.
 United States Court of Appeals Second Circuit.
 Argued Sept. 9, 1968.
Decided Dec. 30, 1968.
 
 David O. Boehm, Rochester, N.Y. (Cucci, Welch & Boehm, Rochester, N.Y., on the brief), for plaintiff-appellant.
 Bertram Diamond, Stamford, Conn. (Baker & Diamond, Stamford, Conn., and Andrew G. Celli, Rochester, N.Y., on the bfief), for defendants-appellees.
 Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 Plaintiff, a member and officer of Rochester Independent Workers Union Local No. 1, sued defendants, who in 1964 were officers, committee chairmen or committee members of Local No. 1, for breach of fiduciary duty to the union, purportedly under Section 501 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. 501. After trial by the Court, Chief Judge Harold P. Burke presiding, the action was dismissed and plaintiff appeals. We find no error and affirm the judgment dismissing the action.
 
 
 2
 Plaintiff made demand by letter on the defendants for return to the union of sums of money which he alleged had been received from the union and had been spent against the interests of the union. No demand was ever made that the officers institute suit for these sums on behalf of the union. They included sums allegedly spent for publication of a union publication, a pamphlet, meetings, officers' salaries and expenses, during a period when defendants were advocating affiliation of RIW Local 1 with International Union of Electrical, Radio and Machine Workers AFL-CIO, known as IUE, and during an NLRB representation election in the two plants in which Local 1 had members, in which Local 1 lost to IUE in one production, maintenance and factory clerical unit while winning in one production, maintenance and factory clerical unit and both office clerical and technical units.
 
 
 3
 The court held that plaintiff could not maintain the action because he had not complied with the procedural requirements of 501(b), and that there could be no recovery for breach of fiduciary responsibility, since the challenged expenditures were for proper union purposes.
 
 
 4
 We agree that the precedural requirements of 501(b) have not been met and therefore find it unnecessary to reach the other questions raised by appellant.[1] Section 501(b), so far as pertinent here, provides:
 
 
 5
 When any officer, agent * * * of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent * * * in any district court of the United States * * * for the benefit of the labor organization.
 
 
 6
 Plaintiff claims that a demand for a sum of money is sufficient and that, in any event, a request that defendants sue themselves would be futile. With regard to the latter claim, this court has stated:
 
 
 7
 We hold that this provision of the statute is mandatory and that its requirements cannot be met by anything short of an actual request. An allegation of the futility of such a request will not suffice.
 
 
 8
 Coleman v. Brotherhood of Ry. & Steamship Clerks, etc., 340 F.2d 206, 208, 15 A.L.R.3d 933 (2d Cir. 1965); see Horner v. Ferron, 362 F.2d 224, 231 (9th Cir.), cert. denied 385 U.S. 958, 87 S.Ct. 397, 17 L.Ed.2d 305 (1966).
 
 
 9
 A demand for a sum of money is not sufficient. The statutory language requiring a request that the labor organization 'sue or recover' has been construed to mean 'sue to recover'; Penuelas v. Moreno, 198 F.Supp. 441 (S.D.Calif.1961); Persico v. Daley, 239 F.Supp. 629, 630 (S.D.N.Y.1965), pointing out that both House and Senate reports referred to 501(b) as being worded 'to recover.'
 
 
 10
 This construction, to which we adhere, is fatal to plaintiff's claim.
 
 
 11
 Defendants seek counsel fees, by analogy to cases involving corporate officers and directors acquitted of wrongdoing. This claim, however, would seem to be one to be made, if at all, to the local union, through its governing board and members; see Highway Truck Drivers, etc. v. Cohen, 284 F.2d 162, 164 (3d Cir. 1960); Holdeman v. Sheldon, 311 F.2d 2, 3 (2d Cir. 1962); cf. Milone v. English, 113 U.S.App.D.C. 207, 306 F.2d 814, 817 (1962).
 
 
 12
 The judgment dismissing the action is affirmed.
 
 
 13
 LUMBARD, Chief Judge (concurring and dissenting):
 
 
 14
 While I concur in the result because I find no merit to the suit for the reason Judge Smith sets forth in his footnote, I must register a dissent to so much of his opinion as holds that the plaintiff is out of court for failure to comply with the procedural requirements of Section 501 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. 501.
 
 
 15
 In my opinion, Cassidy has sufficiently complied with the procedural requirements of Section 501(b). In an obvious attempt to comply with the requirements of this Section, Cassidy sent letters to the entire slate of officers prior to instituting this suit. In these letters he stated that on behalf of the union members 'and pursuant to the authority vested in me * * * by the Labor-Management Reporting and Disclosure Act of 1959, I hereby demand that you reimburse the Union the sums of money * * * which you have spent against the interest of the Union.' The letters went on to say that money was spent in violation of the officers' fiduciary obligation, and listed expenditures totaling $7,890. They concluded: 'You are advised that unless these sums of money are reimbursed to the Union on or before August 1, 1964, the further steps which the Act permits will be taken.'
 
 
 16
 It is clear from the language of Section 501(b) that the necessary request can be made either to the union, its governing board, or its officers. The only question, therefore, is whether plaintiff's demand was the kind of request required by Section 501(b). The majority holds that 'a demand for a sum of money is not sufficient.' It follows that plaintiff's action is to be abated because he has not in so many words 'requested suit.' However, to request that the officers bring suit against themselves to recover money wrongfully spent would seem absurd to the ordinary individual-- elemental logic would dictate that the officers simply be asked to repay the money. Under these circumstances, it seems to me unduly technical to hold that plaintiff's request was insufficient.
 
 
 17
 It is true that this court held in Coleman v. Brotherhood of Railway and Steamship Clerks, 340 F.2d 206, 208 (2 Cir. 1965) that an allegation of the futility of a request would not satisfy the statute. But there was no request whatsoever in the Coleman case and thus the question of the form and wording of the request required by the statute was not decided.
 
 
 18
 Here the officers were advised in writing of the demand, it was stated in detail and in dollars and cents and it was perfectly obvious that upon refusal the plaintiff would proceed by suit as he did. The intermediate step of requesting the officers to bring suit against themselves, or one or more of them if need be, was implicit. It serves no purpose whatever to require that such a notice be given again and that the obvious be emphasized by a few additional unnecessary words.
 
 
 
 [1]
 Where we to reach the merits, the result would be the same. The Court's finding No. 34 that no funds of Local No. 1 were diverted to IUE or expended for its use, but were used for legitimate purposes of Local No. 1, is supported by testimony in the record and may not be upset. Until after a membership meeting on May 27, 1964, efforts of the defendants to promote the IUE were quite plainly intended to encourage affiliation of the Local with the International union, a goal which could legitimately be sought by the officers of the local. The May 27 meeting ended in disorder when efforts were made to allow Carey, the president of IUE to address the meeting, and efforts were made to bring on a vote on affiliation although not on the published agenda of the meeting. Only after this meeting and after an election was sought on June 3, 1964 by IUE were defendants' efforts on IUE directed against continuation of Local No. 1 as bargaining agent. The only expenditure of local funds in this regard, if any was made, was the expenditure for one 'Your President Speaks' leaflet, Exhibit 22, and this may be considered de minimis. Defendants or some of them continued to function as salaried officers of Local No. 1 until replaced by those elected in an interim election in October, 1964. This was, however, necessary to carry on the day to day functions of the Local, such as grievance procedures, and was not for the benefit of IUE