**ATLANTA FEDERAL AND CITY SERVICE EMPLOYEES LOCAL UNION 554, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, et al.**

v.

**SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, et al.**

Civ. A. No. 13227.

United States District Court, N. D. Georgia, Atlanta Division.

June 25, 1970.

Howard Moore, Jr., Peter E. Rind-skopf, Atlanta, Ga., for plaintiffs.

Albert M. Horn, Atlanta, Ga., Bene-son & Israelson, New York City, for defendants.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

This is a suit under § 304 of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), as amended, 29 U.S.C. § 464, in which the plaintiff local union and its president and financial secretary seek to dissolve a trusteeship, imposed on the local by the international union, one of the defendants. Plaintiffs alleged that the trusteeship was not established and is not being maintained in good faith for purposes allowable under § 302, LMRDA, 29 U.S. C. § 462. Defendants admit the imposition of a trusteeship over the local union, but assert the 18 month presumption of validity of a trusteeship found in § 304(c), 29 U.S.C. § 464(c). Thus, the question to be answered, on the plaintiffs' motion for preliminary injunction, is whether, under § 304(c), the plaintiffs have overcome the presumption of validity of the trusteeship by " * * * clear and convincing proof that the trusteeship was not established or maintained in good faith for a purpose allowable * * * " under § 302.

Hearings were held on the plaintiffs' motion for preliminary injunction on March 9 and April 14, 1970. On March 9, counsel for the parties stipulated that the court could consider the transcript of a hearing held on November 20 and 21, 1969, before Eugene P. Moats, Hearing Officer, designated by the international's general executive board to conduct the hearing. The transcript of this hearing is a part of the record, entitled "Official Report of Proceedings Before the Service Employees International Union", defendants' exhibit 3, admitted March 9, 1970. The facts primarily are derived from the transcript of the hearing before Hearing Officer Moats, the two hearings before this court, and the plaintiffs' verified complaint.

In summary, the facts surrounding the controversy in this case are hotly contested. They focus on one Edmund Dumas, appointed by the trustee as Business Manager of the local. The local was chartered in 1965, and Dumas also was appointed business manager at that time. He later was elected to that position in 1966, and again in December, 1968. Although Dumas is a white man, 90% to 95% of the members of the local are black. Although there was evidence that the members of the local were dissatisfied with Dumas, it was unclear whether this dissatisfaction stemmed from an unsatisfactory performance in processing their grievances or from the fact that he was not a black man, or both. Serious difficulties arose between Dumas and Johnson Walker, president of the local, and Dumas and Leonard Davis, appointed Assistant Business Manager of the local. There was evidence that democratic processes at the meetings of the local had suffered. Events came to a head during an abortive meeting of the local on October 20, 1969, when an altercation nearly occurred between Dumas and Davis on the sidewalk immediately after the meeting. The trusteeship was established on October 23, 1969.

According to § 302 of the LMRDA, 29 U.S.C. § 462, a trusteeship may be established by a labor organization, such as the international union in this case, over a local, in order to (1) correct corruption or financial malpractice, (2) assure the performance of collective bargaining agreements or other duties of a bargaining representative, (3) restore democratic procedures, or (4) otherwise carry out the legitimate objects of the local. According to § 304, LMRDA, 29 U.S.C.A. § 464(c), such a trusteeship must be presumed valid for a period of

18 months from the date of its establishment, unless plaintiffs can show, by "clear and convincing proof", that it was not established or maintained " * * * in good faith for a purpose allowable * * * " under § 302.

While the court genuinely regrets the apparent bad feeling which has grown up between the officers and members of the local and the international, it cannot find, on the basis of this record, that plaintiffs have demonstrated by clear and convincing proof that this trusteeship was not established and is not being maintained in good faith to assure the performance of collective bargaining agreements or other duties of a bargaining representative, or to restore democratic procedures. The cases cited by plaintiffs are distinguished factually. For example, in the case of Schonfeld v. Raftery, 271 F.Supp. 128 (S.D.N.Y. 1967), aff'd 381 F.2d 446 (2nd Cir. 1967), bad faith and fraud were blatant. In the case of Brotherhood of Painters, etc. v. Brotherhood of Painters, etc., Local Union 127, 264 F.Supp. 301 (N.D. Cal.1966), the trusteeship was established for a clearly unlawful purpose. In the absence of the required clear and convincing proof, this is obviously a case in which the presumption of validity of a trusteeship is to operate.

Therefore, the motion for preliminary injunction is denied.