Marvin WIMBUSH et al., Plaintiffs,

v.

Joseph CURRAN et al., Defendants.

No. 73 Civ. 937.

United States District Court,
S. D. New York.

March 19, 1973.

Kreindler, Relkin, Olick & Goldberg, New York City, for plaintiffs; Stephen M. Pesner, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Curran; Simon H. Rifkind & Neil H. Cogan, New York City, of counsel.

Abraham E. Freedman, New York City, for defendants Wall, Barisic, Miller, Martin, Bocker, Strassman & the NMU; Marvin I. Barish, Philadelphia, Pa., of counsel.

Charles Sovel, New York City, and Avram G. Adler, Philadelphia, Pa., for defendant Freedman.

Simpson, Thacher & Bartlett, New York City, for defendant Segal; Melvyn Cantor, New York City, of counsel.

Herman E. Cooper, New York City, for defendant Karchmer.

Duer & Taylor, New York City, amicus curiae; Arthur E. McInerney, New York City, of counsel.

## MEMORANDUM DECISION

ROBERT L. CARTER, District Judge.

The proposed plaintiffs seek leave under 29 U.S.C. § 501(b) to litigate their claim that the proposed defendants have compensated proposed defendant Joseph Curran for services which he failed to fully perform and for personal expenses incurred by Curran and by his wife and that they have unlawfully compensated certain officers (including Curran) for unused "vacation time." The proposed plaintiffs further seek an injunction barring certain payments to defendant Curran pending the outcome of the proposed litigation.

On March 1, 1973, Judge Robert J. Ward of this court temporarily restrained the proposed defendants from making the challenged payments pending the hearing of the motion for a preliminary injunction. Judge Ward further ordered that the movants file an undertaking in the amount of $25,000.00. The motion was heard on March 8 at which time the proposed plaintiffs were instructed to file a memorandum in support of their application on or before March 12. By order dated March 13 this court dissolved the restraining order for failure of the proposed plaintiffs to file the required undertaking. The motion for a preliminary injunction was denied without prejudice to a further

application at such time as the applicants are able to file an appropriate undertaking and to establish that injunctive relief is warranted.

With regard to the application for leave to sue, the proposed defendants have argued that leave should be denied for failure to comply with the demand requirement of 29 U.S.C. § 501(b) and that the National Maritime Union (NMU) would not be a proper party to the proposed suit. In addition, proposed defendant Curran has argued that to the extent that the claim here involved is based upon his failure to "devote all his time to the affairs of [the union]" (NMU Constitution (1972), Article 13, Section 1), it should be disallowed on the basis of the "good cause" requirement of § 501(b).

The movants have conceded that the NMU would not be a proper party (Memorandum in Support of Plaintiffs' Application, Point II) and suit against it has accordingly been disallowed.

■ It is the opinion of this court that the proposed complaint alleges colorable claims, at least with regard to the use of union funds for non-union purposes. The Wimbush and Olick affidavits, submitted in support of the application for leave to sue, set forth alleged facts which would provide good cause for litigation in behalf of the membership. I, therefore, deem it appropriate to grant the applicants access to this court and to permit consideration of the adequacy of particular causes of action at the appropriate stage of the contemplated proceeding.

■ 29 U.S.C. § 501(b) states that leave to sue may be granted only if

"the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by [the proposed plaintiff]."

The phrase "sue or recover" must be interpreted to mean "sue to recover."

Cassidy v. Horan, 405 F.2d 230 (2d Cir. 1968).

In the *Cassidy* case, the Second Circuit held that suit should be disallowed where the document relied upon to satisfy the demand requirement asked for reimbursement of sums allegedly spent against the interest of the union and advised that

"unless these sums of money are reimbursed to the Union . . . the further. steps which the [Labor Management Reporting and Disclosure] Act permits will be taken." Concurring and dissenting opinion of Chief Judge Lumbard, 405 F.2d at 233.

It was the opinion of the majority of the *Cassidy* court that the above-quoted "demand for a sum of money" (at 232) was insufficient.

■ The document relied upon by the present applicants is addressed to the NMU. It briefly sets forth the factual allegations of the proposed complaint and concludes with the following statement:

"Immediate remedial action is demanded in default of which suit may be instituted against you." (Exhibit A of the Affidavit of Marvin Wimbush, dated February 27, 1973.)

Judge Lumbard, concurring and dissenting in the *Cassidy* case, noted that

". . . the officers were advised in writing of the demand [that funds be returned to the union], it was stated in detail and in dollars and cents and it was perfectly obvious that upon refusal the plaintiff would proceed by suit as he did. The intermediate step of requesting the officers to bring suit against themselves, or one or more of them if need be, was implicit. It serves no purpose whatever to require that such a notice be given again and that the obvious be emphasized by a few additional unnecessary words." (at p. 233)

The letter at issue here did not simply request that wrongfully expended funds be returned to the union; it demanded

"remedial action." Since the initiation of a lawsuit is an obvious remedy (if not *the* obvious remedy) for the wrongs alleged in the preceding paragraphs of the letter, I find that the demand for "remedial action" constituted a demand "to sue [to] recover damages or secure an accounting or other appropriate relief." Inasmuch as the demand requirement as interpreted in this circuit is exceedingly technical, it seems inappropriate to increase the burden upon prospective litigants by barring the use of language which includes, albeit nonexclusively, the concept "sue."

The proposed plaintiffs have accordingly been granted leave to file their complaint.

So ordered.