Paul WOODS, Ralph Edmond & Charles Leitsch, individually and as members of Local # 12 Sheet Metal Workers International Association, Plaintiffs,

v.

LOCAL # 12 SHEET METAL WORKERS INTERNATIONAL ASSOCIATION & Harry J. Crytzer, Frank W. Savage, Ralph V. Hugo, Jr., Gilbert Schneider, Albert Kessler and Charles Schapper, as officers, agents & fiduciaries of Local # 12 Sheet Metal Workers International Association, Defendants.

Civ. A. No. 76–1366.

United States District Court,
W. D. Pennsylvania.

Oct. 21, 1977.

Glenn D. Dolfi, Weiler & Dolfi, Pittsburgh, Pa., for plaintiffs.

Joseph J. Pass, Jr., Jubelirer, McKay, Pass & Intrieri, Pittsburgh, Pa., for defendants.

## OPINION

COHILL, District Judge.

In September of 1976, plaintiffs, Paul Woods and Charles Leitsch, petitioned this court for an *ex parte* application for permission to institute suit against the above-named defendants. This was done pursuant to the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.

§ 501(b) ("the Act"). Plaintiffs alleged that, in violation of the Act, the defendants were dissipating union funds by collecting dues from the production workers of Local No. 12 in an amount substantially less than what the dues by-laws required. On September 27, 1976 this court authorized plaintiffs to institute suit. Jurisdiction is invoked pursuant to 29 U.S.C. § 501(b).

Plaintiffs filed a complaint and served the defendants on November 1, 1976. On November 18, 1976, pursuant to Fed.R. Civ.P. 60, defendants filed a motion for relief from the September 27 court order authorizing this action. Oral arguments were heard, and we postponed ruling until all parties had filed memoranda regarding the issues.

During the hearing defendants asserted that these same plaintiffs had filed a complaint under the Act against defendant, Local # 12, and the Sheet Metal Workers International Association in March of 1975 at Civil Action No. 75–266. That case had been assigned to Judge Edward Dumbauld and was dismissed by stipulation of all parties. When the plaintiffs filed their section 501(b) application here, they neglected to list their prior case as a "related case" on the court's Case Cover Sheet, which normally would have caused it to be assigned to Judge Dumbauld.

At the hearing, we ruled that the present case is related to Civil Action No. 75–266, previously filed by the plaintiffs, but that we would retain jurisdiction, since the other case had already been disposed of.

Plaintiffs' counsel stated on the record at the hearing that plaintiffs would agree to withdraw the suit against the defendant Local # 12 and proceed only against the named individual defendants.

The remaining issue before the court is whether or not plaintiffs have met the prerequisites under the Act for bringing this action, which are: (1) a request of the union officials to sue and a refusal or failure of them to do so; and (2) obtaining

580

leave of Court to sue for good cause shown. 29 U.S.C. § 501(b).

## I

### *Request to Sue*

Plaintiffs are relying on a statutory right to bring their action in this court and therefore must meet all of the mandates of the Act. Section 501(b) authorizes any union member to bring a suit in a federal district court or state court against union officials for alleged violations of section 501(a) if " . . . the labor organization or its governing board of officers refuse to fail to sue or[1] recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization . . . "

Defendants argue that plaintiffs cannot bring this action because they did not request the appropriate officers of the defendant union to sue for the alleged loss of funds or property, as is required by the Act.

■ There is no doubt that a request of the union officers to take action is a condition precedent to suit by a union member. *Purcell v. Keane,* 406 F.2d 1195 (3d Cir. 1969).

Plaintiffs stated in their *ex parte* application that on or about February 20, 1976, via union procedure, they had charged the defendants with collecting dues in an amount less than what was provided for by the due by-laws. A copy of the charge letter which was sent to the defendants was attached to the complaint as Exhibit 3. Plaintiffs argue that this letter, and the absence of any legal action on the part of the defendants thereafter, fulfilled the above requirement.

Plaintiffs also summarized in their application the events which ensued following the filing of their charge letter. Defendants were found not guilty of the charges. Plaintiffs appealed the decision to the general president of the International Union, and as of Sept. 22, 1976, the general president had made no finding.

■ In *Sabolsky v. Budzanoski,* 457 F.2d 1245 (3d Cir. 1972), cert. den. 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96, the court viewed the statutory mandate of requesting the union officers to sue and their refusal to do so as similar to situations where there is a requirement of exhaustion of internal or administrative remedies before resort to the courts is permitted. The Third Circuit had held previously, in *Purcell, supra,* that exhaustion of internal remedies is not required in suits brought under Section 501 but that efforts to invoke internal remedies may affect the "good cause" requirement of Section 501(b). In *Sabolsky, supra,* the letter request, although not a request of an officer to sue, did seek internal relief as it charged a violation of the union's constitution. This request was held to be sufficient to meet the prerequisite set forth in the Act.

■ In the instant case, plaintiffs' charge letter and the absence of suit by union officers are, under the present circumstances, sufficient to meet this condition precedent for bringing suit.

## II

### *"Good Cause" Requirement*

■ Section 501(b) of the Act requires that "good cause" be shown before a court can authorize a suit under the Act. *Purcell, supra.* This "good cause" requirement is intended to safeguard union officers against harassment and vexatious litigation brought without merit or lacking good faith. *Horner v. Ferron,* 362 F.2d 224 (9th Cir. 1966), cert. den. 385 U.S. 958, 87 S.Ct. 397, 17 L.Ed.2d 305. As the court said in *Horner, supra* at 228, "The allegations of the verified complaint may be sufficient to enable the court to determine where there is 'good cause'." A court, in its discretion, may take all the facts and circumstances

---

1. The "or" has been consistently construed to mean "to." E.g., *Cassidy v. Horan,* 405 F.2d 230, 232–33 (2d Cir. 1968).

into consideration in determining whether "good cause" has been shown. *Purcell, supra.*

Defendants argue that plaintiffs' verified application for permission to file suit does not meet the "good cause" requirement. Defendants refer to plaintiffs' prior federal court suit (C.A. 75–266) and to the union's finding that plaintiffs' charges and appeals were without merit as grounds for finding the absence of "good cause." Defendants also claim that plaintiffs' action is clearly vexatious.

■ We hold that plaintiffs have met the "good cause" requirement. Plaintiffs' prior case (C.A. 75–266) while brought under the Act, dealt with different issues from the ones in the instant case. We do not find this action to be clearly vexatious. The proposed complaint alleged colorable claims. We deem it appropriate to grant plaintiffs access to this court and to permit consideration of the adequacy of particular causes of action at the appropriate stage of the contemplated proceedings.

An appropriate order will be entered.

### ORDER

AND NOW, to-wit, this 21st day of October, 1977, after oral arguments and in accordance with the foregoing Opinion, IT IS HEREBY ORDERED and DECREED that Defendants' Motion for Relief from a Court Order dated September 27, 1976 is and the same be denied.