572 F.Supp. 133 (1983)
LOCAL 314, NATIONAL POST OFFICE MAIL HANDLERS, etc., et al., Plaintiffs,
v.
NATIONAL POST OFFICE MAIL HANDLERS, etc., et al., Defendants.
No. 82-1451C(1).
United States District Court, E.D. Missouri, E.D.
September 28, 1983.
*134 Sheldon Weinhaus, St. Louis, Mo., for plaintiffs.
J.F. Souders, Charles A. Werner, St. Louis, Mo., William B. Peer, Washington, D.C., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on the motion of defendants to dismiss plaintiffs' complaint and the motions of plaintiffs for summary judgment. David D. Noce, United States Magistrate, was appointed to act as Special Master in this case and said motions *135 were referred to him for his Report and Recommendation. The Magistrate recommended that defendants' motion be granted in part and denied in part, and that both of plaintiffs' motions for summary judgment be denied. The parties were given ten (10) days to file objections to the recommendations. Only plaintiffs filed objections. For the reasons stated herein, this Court accepts the recommendation of the Magistrate in part and rejects it in part.

I. THE FACTS:
Plaintiffs brought this action under various provisions of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401 et seq., and section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiffs' claims for relief arise out of their associations with Local 314, National Post Office Mail Handlers, etc. (Local). Plaintiff Alford was the elected Local General President. Plaintiffs Gillespie, Bailey, Arrington and McAndrews were elected members of the Executive Board of the Local. Defendants Quinones, McGee and Clossen are the former Treasurer, Vice-President and Administrative Vice-President, respectively, of the Local. Defendant Johnson is the Trustee named by defendant International Union to run the Local. Defendants Ford, Sias and Bowen are Deputy Trustees.
The basic facts are that plaintiffs were removed from office after a Local trial board hearing on certain charges brought against them by defendant Quinones. These charges included, inter alia, misappropriation of funds. Prior to their removal plaintiffs had charged certain defendants with various breaches of their fiduciary duty to the union. These included, inter alia, the charge that defendant Quinones was being paid for work he did not perform, was stealing union property and was illegally removing union records. Plaintiffs appealed their removal to defendant National union, but to date said appeals have not been acted on. The failure to hear plaintiffs' appeals forms the basis of one of plaintiffs' claims. Subsequently, defendant International Union imposed a trusteeship on the Local to straighten out its financial affairs.

II. DEFENDANTS' MOTION TO DISMISS:

A. LMRDA CLAIMS:
Plaintiffs invoke five separate provisions of the LMRDA in their complaint: sections 101(a)(2), 101(a)(5), 301-306, 501 and 609. 29 U.S.C. §§ 411(a)(2), (5), 461-66, 501, 529. The Magistrate recommended that the claims based on sections 101 and 609 be dismissed; that the claims based on sections 301-306 not be dismissed; and that the claims based on section 501 be dismissed unless within ten (10) days plaintiffs file written affidavits or other verified showing of good cause to believe they have a cause of action.

(1) SECTIONS 101 AND 609 CLAIMS:
Section 101 is a "Bill of Rights" for members of labor organizations. 29 U.S.C. § 411. Section 101(a)(2) guarantees members the rights of free speech and assembly with respect to union matters. Section 101(a)(5) prohibits fining, expelling, suspending or otherwise disciplining union members without certain procedural safeguards, such as "written specific charges" and a "full and fair hearing". 29 U.S.C. § 411(a)(5). Section 102 authorizes a union member to sue in district court for infringement of any right guaranteed under section 101. 29 U.S.C. § 412. In addition, section 609 provides:
It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter. The provisions of section 412 of this title shall be applicable in the enforcement of this section.
29 U.S.C. § 529. With respect to the relationship between section 102 and section 609, the Supreme Court has stated that *136 "[s]ection 609 ... applies to disciplinary action taken in retaliation for the exercise of any right secured under the Act, whereas § 102 protects only rights secured by [§ 101]." Finnegan v. Leu, 456 U.S. 431, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982) (emphasis by the Court). Finally, section 501 prescribes fiduciary duties for union officers and authorizes a suit in district court by union members for the benefit of the union to enforce those duties. 29 U.S.C. § 501.
As best as this Court can surmise, plaintiffs allege four claims under sections 101 and 609, all four of which contest the legality of their removal from office. First, invoking jurisdiction under section 102, plaintiffs allege that because they were removed from office in retaliation for their charges against Quinones and other defendants their right of free speech under section 101(a)(2) was infringed (Claim 1). Second, again invoking jurisdiction under section 102, plaintiffs allege that their removal from office was "discipline" within the meaning of section 101(a)(5) and that their removal did not comport with the procedural requirements of that section (Claim 2). Third, invoking jurisdiction under section 609, plaintiffs allege that their removal was "discipline" within the meaning of section 609 for exercising their free speech rights under section 101(a)(2) (Claim 3). Finally, invoking jurisdiction under section 609, plaintiffs allege that their removal was "discipline" for exercising their section 501 right to charge defendants with breaches of fiduciary duties (Claim 4).
In recommending that none of the above four claims states a claim upon which relief can be granted under the LMRDA, the Magistrate relied on the recent Supreme Court decision in Finnegan v. Leu, supra. Plaintiffs' objection to the recommendation of the Magistrate goes to the applicability of Finnegan to the removal of elected union officers.
In Finnegan, the Court held that summary removal of an appointed union officer, who had supported the new president's opponent, by the newly elected president did not violate sections 101(a)(2) or 609 of the LMRDA. The Court discussed sections 101 and 609 separately and with regard to the latter stated:
the term "discipline," as used in § 609, refers only to retaliatory actions that affect a union member's rights or status as a member of the union. Section 609 speaks in terms of disciplining "members"; and the three disciplinary sanctions specifically enumerated  fine, suspension, and expulsion  are all punitive actions taken against union members as members. In contrast, discharge from union employment does not impinge upon the incidents of union membership, and affects union members only to the extent that they also happen to be union employees.
456 U.S. at 437-38, 102 S.Ct. at 1871-72 (emphasis by the Court). Accordingly, the Court held that the removal of an appointed union officer was not within the scope of the sanctions prohibited by section 609.
Turning to the claims under section 101, the Court held that a union officer's rights to campaign, vote and freely speak his views were not "infringed" by the termination of his union employment. Again the Court emphasized that the purpose of the LMRDA was to protect membership rights of members qua members. The Finnegan Court also emphasized that plaintiff was an appointed officer and that nothing in the LMRDA indicated a Congressional purpose to disturb the system of union patronage. 456 U.S. at 441, 102 S.Ct. at 1873. However, the Court did decline to decide "whether the retaliatory discharge of a union member from union office  even though not `discipline' prohibited under § 609  might ever give rise to a cause of action under § 102." Id. at 440-41, 102 S.Ct. at 1872-73.
Plaintiffs herein contend that Finnegan is distinguishable and does not defeat their claims under sections 101 and 609. They argue that because Finnegan involved appointed union officials, and the Court used the modifier "appointive" in several places in its opinion, it is not applicable to this case *137 involving elected union officials. Plaintiffs also contend that Finnegan is inapposite because it did not involve, unlike the case at bar, the allegation that discharge was in retaliation for making claims that defendants were breaching their fiduciary duties under section 501.
It is the opinion of this Court that Finnegan requires dismissal of plaintiffs' claims 2, 3 and 4. As discussed, supra, claims 3 and 4 contend that plaintiffs' removal was "discipline" illegal under section 609, and claim 2 contends that their removal was "discipline" illegal under section 101(a)(5). However, under Finnegan, removal from office is not "discipline" because it does not "affect a union member's rights or status as a member of the union." 456 U.S. at 437, 102 S.Ct. at 1871 (emphasis by the Court). Finnegan did not involve a claim based upon discipline alleged to violate section 101(a)(5), but the Court discussed the legislative history of the language in section 101(a)(5), which language is virtually identical to that in section 609, to bolster its holding with respect to section 609:
Congress used essentially the same language elsewhere [in § 101(a)(5)] with the specific intent not to protect a member's status as a union employee or officer .... The Conference Report ... explains that [§ 101(a)(5)] ... "applies only to suspension of membership in the union; it does not refer to suspension of a member's status as an officer of the union."
456 U.S. at 438, 102 S.Ct. at 1871 (emphasis by the Court) (citations omitted). See also id. at 438 n. 9, 102 S.Ct. at 1872 n. 9.
This Court can find nothing in Finnegan which limits the Court's interpretation of sections 101(a)(5) and 609 to appointive office cases or to claims that the discipline was imposed for exercising section 101(a)(2) free speech rights. Moreover, plaintiffs' appointed/elected distinction does not contain any merit in view of the Court's explanation of why it granted certiorari in Finnegan. The Court stated that "[w]e granted certiorari to resolve Circuit conflicts ...." 456 U.S. at 433, 102 S.Ct. at 1869. In a footnote, the court cited nine Court of Appeals cases which had passed on the question of whether discharge from union office was actionable under the LMRDA. 456 U.S. at 433 n. 1, 102 S.Ct. at 1869 n. 1. Of these, seven (7) involved removal from elected positions and only two (2) involved appointed officials. If the Court felt that its decision in Finnegan resolved the conflict, there can be little doubt that the court did not intend Finnegan to be limited to appointed officials.
Likewise, it is the opinion of this Court that Finnegan requires dismissal of plaintiffs' claim 1, that their removal infringed their section 101(a)(2) free speech rights. For the reasons discussed, supra, this Court finds plaintiffs' appointed/elected distinction meritless. The cases cited by plaintiffs either do not support their assertion that Finnegan does not apply to elected officers or, to the extent that they do support plaintiffs' position, this Court expressly disapproves of those decisions.[1]
*138 Therefore, this Court accepts the Magistrate's recommendation to dismiss plaintiffs' section 101 and 609 claims for wrongful removal from office, and plaintiffs' objections to that recommendation are overruled.

(2) SECTIONS 301-306 CLAIMS:
Sections 301-306 of the LMRDA regulate the operation of a subordinate labor union by its parent or national union under a trusteeship. 29 U.S.C. §§ 461-466. Section 304 specifically authorizes a union member to bring an action in district court to seek redress for any alleged violations of the provisions of sections 301-306. 29 U.S.C. § 464.
Plaintiffs' complaint alleges that the trusteeship imposed on the Local is being operated in violation of sections 301-306. The Magistrate recommended that defendants' motion to dismiss the sections 301-306 claims be denied. Defendants have not objected to that recommendation.
Having reviewed plaintiffs' complaint, it is the opinion of this Court that plaintiffs, as members of the Local, do state a cause of action under section 301-306. Accordingly, the recommendation of the Magistrate is accepted and defendants' motion to dismiss those claims is denied.

(3) SECTION 501 CLAIMS:
Section 501(a) of the LMRDA prescribes several fiduciary responsibilities of union officers. 29 U.S.C. § 501(a). Section 501(b) authorizes a union member to bring a derivative action for the benefit of the union against an officer accused of violating section 501(a) if two (2) prerequisites are satisfied. The first is that the union, following request by the union member, must have refused or failed to sue the accused union officer. The second is that a union member plaintiff must obtain leave of court to prosecute a section 501(a) action. Section 501(b) states, in pertinent part:
No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte.
29 U.S.C. § 501(b).
Plaintiffs allege that defendants violated section 501(a) in three respects. First, plaintiffs allege that defendants improperly removed Local books and records. Second, plaintiffs allege that defendants misappropriated union funds, in that defendants were paid for work not actually performed for the Local. Finally, plaintiffs allege that defendants improperly refused to process the charges which plaintiffs filed against defendants or to hear plaintiffs' appeals.
The Magistrate recommended that the section 501 claims be dismissed unless within ten (10) days they file affidavits or verified statements showing "good cause" as required by section 501(b). This Court respectfully declines to accept the Magistrate's recommendation because this Court is satisfied that the record in this case meets the requirement of "good cause" and because the purposes of that requirement would not be served by requiring plaintiffs to replead their allegations of wrongdoing on the part of defendants. However, because an action under section 501 is a derivative action, in the nature of a shareholder's derivative suit, plaintiffs' claims under section 501 will be dismissed unless they amend their complaint within ten (10) days of this date, to allege that any relief sought, monetary or equitable, is sought for the benefit of the Local.
The purpose of the "good cause" condition precedent to an action by a union member under section 501 is to prevent groundless or vexatious suits against union officials. Dinko v. Wall, 531 F.2d 68, 74 (2d Cir.1976); Kerr v. Shanks, 466 F.2d 1271, 1277 (9th Cir.1972); Horner v. Ferron, 362 F.2d 224, 228 (9th Cir.1966); Woods v. Local *139 No. 12 Sheet Metal Workers International Association, 438 F.Supp. 578, 580 (W.D.Pa. 1977). The standard for determining whether the requirement is met is whether plaintiff shows "a reasonable likelihood of success and, with regard to any material facts he alleges, [he has] a reasonable ground for belief in their existence." Dinko, supra, 531 F.2d at 75. See also Woods, supra, 438 F.Supp. at 581 ("good cause" shown because complaint "alleged colorable claims"). In determining whether "good cause" is shown, a court may look beyond the allegations of the complaint and take all facts and circumstances into account. Dinko, supra, 531 F.2d at 74; Horner, supra, 362 F.2d at 229; Woods, supra, 438 F.Supp. at 580-81.
Having reviewed the complaint and the record in this case, it is the opinion of this Court that plaintiffs have met the standard of "good cause" in section 501(b). As in Brink v. DaLesio, 453 F.Supp. 272, 277 (D.Md.1978), the fact that this court issued a temporary restraining order at the outset of this lawsuit demonstrates that there is a reasonable likelihood of success. The facts alleged in the complaint, numerous motions and memoranda also demonstrate that plaintiffs have reasonable grounds for belief in their existence. Moreover, this Court takes note of the fact that this litigation has already generated volumes of documents, motions, memoranda and testimony and has consumed much valuable time from both this Court and the parties. This Court sees little value in requiring plaintiffs to plead in more detail their allegations concerning violations of section 501(a). The interests of this Court and the parties will be served by moving this litigation forward to a just conclusion. Therefore, defendants' motion to dismiss plaintiffs' section 501 claims on the ground that "good cause" has not been shown is denied, and the Magistrate's recommendation to require plaintiffs to replead is rejected.
However, plaintiffs' claims under section 501 will be dismissed unless, within ten (10) days of this date, plaintiffs amend their complaint to allege that the relief they seek is for the benefit of the Local. As it stands now, since the Local is now a defendant, plaintiffs' complaint seeks monetary and equitable relief for themselves individually. It is clear that any recovery under section 501 must be on behalf of the union. Fabian v. Freight Drivers and Helpers Local No. 557, 448 F.Supp. 835, 840 (D.Md.1978). Therefore, plaintiffs' complaint must be so amended or it must be dismissed.

B. LMRA CLAIMS:
Plaintiffs allege that their removal from office and the failure of defendants to hear their appeals from the trial board's decision to remove them is a breach of the Local constitution. The Magistrate recommended that plaintiffs' section 301 claims be dismissed unless within ten (10) days plaintiffs amend their complaint to plead exhaustion of internal remedies. This Court respectfully declines to accept the Magistrate's recommendation because plaintiffs' complaint alleges that internal union remedies are inadequate.
Section 301 of the LMRA creates a cause of action against a union by an officer who alleges that he was removed in violation of the union's constitution. 29 U.S.C. § 185(a). Kinney v. I.B.E.W., 669 F.2d 1222, 1229 (9th Cir.1981). The theory is that a union constitution is a contract and section 301 provides for suits in district court alleging breach of a labor contract. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry v. Local 334, 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981). To maintain such a suit, however, it is necessary that the plaintiff first exhaust any available internal union remedies. Clayton v. International Union, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981); Kinney, supra, 669 F.2d at 1230. The rule of exhaustion has two purposes: first, to encourage contractual settlement procedures as the preferred method of resolving disputes; and second, to allow the parties to the contract to establish uniform and exclusive methods of dispute resolution. Clayton, supra, 451 U.S. at 686-87, 101 S.Ct. at 2093-94.
*140 In paragraph 26 of their amended complaint, plaintiffs allege that they appealed the charges against them and that defendants "failed and refused to hear or determine" their appeals. These allegations, if proven, establish a traditional exception to the requirement of exhaustion  exhaustion is not required where the internal union remedies are inadequate. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1964); Kinney, supra, 669 F.2d at 1230; Fabian, supra, 448 F.Supp. at 839. Here, the internal union appeals procedure is inadequate because defendants "refuse[d] to press or only perfunctorily presse[d]" plaintiffs' appeals. Republic, supra, 379 U.S. at 652, 85 S.Ct. at 616. Accordingly, plaintiffs' allegations are sufficient to excuse the requirement of exhaustion and defendants' motion to dismiss plaintiffs' section 301 claims is denied.

III. PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT:
Plaintiffs filed two motions for summary judgment. The motion filed on October 29, 1982, seeks summary judgment on defendants' counterclaim alleging wrongful removal of Paul A. Pitts from appointed union office by plaintiff Alford. The motion filed on January 20, 1983, seeks summary judgment in favor of plaintiffs on their claims against defendants. The Magistrate recommended that the October 29, 1982, motion be granted as to claims involving Paul A. Pitts, because the counterclaim was based on the LMRDA and the Magistrate ruled that the LMRDA, under Finnegan, does not create a cause of action for wrongful removal from union office. The Magistrate recommended that the January 20, 1983, motion be denied because several issues of fact remain.
Neither plaintiffs nor defendants object to the Magistrate's recommendation on the October 29, 1982, motion. The Magistrate's recommendation on that motion is accepted, but since the rationale for the Magistrate's recommendation is more correctly characterized as holding that the counterclaim concerning Pitts, and Clossen for that matter, does not state a claim under the LMRDA, it is the order of this Court that the LMRDA counterclaim for wrongful removal from union office be dismissed. Fed. R.Civ.P. 12(b)(6). However, with respect to Clossen, the counterclaim does state a claim under section 301 of the LMRA, as discussed supra. It does not so state a claim with respect to Pitts because he is not a party to this litigation.
Plaintiffs object to the Magistrate's recommendation on the January 20, 1983, motion on the ground that, under Rule 56(e) of the Federal Rules of Civil Procedure, defendants failed to come forth with the requisite showing that genuine issues of material fact exist. Plaintiffs supplemented their motion with extensive documentation and affidavits. Defendants responded with a short memorandum stating in conclusory fashion that many issues of fact exist and that defendants "are surely entitled to present further evidence." This Court agrees with plaintiffs that this response does not meet the obligation imposed on a party opposing a motion for summary judgment under Rule 56(e). 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil, 2d § 2739 (1983). Rule 56(e) states:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e). (emphasis added).
This Court, however, is not of the opinion that defendants' failure to adequately respond to plaintiffs' motion entitles plaintiff to summary judgment at this stage. Given the effect of this Court's orders of this date on this litigation, the better approach is to require defendants to respond to plaintiffs' motion properly, within twenty-one (21) days of this date, setting forth specific facts *141 showing that there are factual issues for trial. If defendants fail to establish that there exist issues of fact, the parties will then be required to brief the legal issues with respect to plaintiffs' right to relief given the uncontested facts and the causes of action that now remain.

ORDER
IT IS HEREBY ORDERED that the recommendation of David D. Noce, United States Magistrate, with respect to defendants' motion to disqualify plaintiffs' counsel, Sheldon Weinhaus, be and is accepted.
IT IS FURTHER ORDERED, in accordance with the recommendation of the Magistrate, that Sheldon Weinhaus be and is disqualified from representing the plaintiff Local 314.
IT IS FURTHER ORDERED, in accordance with the recommendation of the Magistrate, that defendants' motion to disqualify Sheldon Weinhaus, with respect to his representation of the individual plaintiffs, be and is denied.
IT IS FURTHER ORDERED, in accordance with the recommendation of the Magistrate, that the plaintiff Local 314 be and is realigned as a defendant in this case.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiffs' claim for wrongful removal from union office under sections 101 or 609 of the LMRDA, 29 U.S.C. §§ 411, 529, be and is granted.
IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claims under sections 301-306 of the LMRDA, 29 U.S.C. §§ 461-66, be and is denied.
IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claims under section 501 of the LMRDA, 29 U.S.C. § 501, is granted unless, within ten (10) days of the date of this order, plaintiffs amend their complaint to allege that any relief sought under section 501 is for the benefit of the Local.
IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claims under section 301 of the LMRA, 29 U.S.C. § 185, be and is denied.
IT IS FURTHER ORDERED that plaintiffs' motion to dismiss those portions of defendants' counterclaim relating to Paul A. Pitts be and is granted.
IT IS FURTHER ORDERED that those portions of defendants' counterclaim relating to wrongful removal from union office under sections 101 or 609 of the LMRDA, 29 U.S.C. §§ 411, 529, be and are dismissed sua sponte.
IT IS FURTHER ORDERED that defendants shall respond to plaintiffs' motion for summary judgment, setting forth specific facts showing that there is a genuine issue for trial, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, within twenty-one (21) days of the date of this order.
IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment be and is held under submission pending defendants' response.
IT IS FURTHER ORDERED that plaintiffs' motion for the appointment of a receiver be and is denied.
IT IS FURTHER ORDERED that plaintiffs' claims and defendants' counterclaims relating to wrongful removal from union office under sections 101 or 609 of the LMRDA, 29 U.S.C. §§ 411, 529, be and are dismissed.
NOTES
[1] Plaintiffs cite the following cases to support their contention that the present case is not controlled by Finnegan because this is a case involving an elected official: N.L.R.B. v. Local 212, International Union, UAW, 690 F.2d 82 (6th Cir.1982); Myers v. Affiliated Property Craftsmen Local No. 44, 667 F.2d 817 (9th Cir.1982); Gabauer v. Woodcock, 520 F.2d 1084 (8th Cir.1975); Brett v. Sohio Construction Co., 518 F.Supp. 698, 113 LRRM 2345 (D.Alaska 1983). Local 212 and Myers are both inapposite. Local 212 held that the National Labor Relations Act provided a cause of action for discharge of a union official based on conduct protected by that act. It did not involve the LMRDA and specifically stated that Finnegan was inapplicable for that reason. Myers, which is a pre-Finnegan decision, held that section 101(a)(5) was violated where an elected union president was expelled from the union (not just from his office) without a full and fair hearing. Gabauer did hold that section 609 provides a cause of action for wrongful removal from elected union office because of the exercise of rights protected by section 101(a)(2). However, the Finnegan Court cited Gabauer in its footnote 1 as part of the Circuit conflict Finnegan was supposed to resolve. 456 U.S. at 433 n. 1, 102 S.Ct. at 1869 n. 1. Therefore, in light of the result in Finnegan, it is doubtful that Gabauer is still good law, as plaintiffs contend. Finally, Brett does support plaintiffs' appointed/elected distinction of Finnegan and this Court respectfully disagrees with the holding of Brett.

For a post-Finnegan decision substantially in accord with the opinion of this Court herein, see Runyan v. United Brotherhood of Carpenters and Joiners of America, AFL-CIO, 554 F.Supp. 859, 861-63 (D.Colo.1982).