Wayne BELUE, et al., Plaintiffs,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS, AFL–CIO (UAW), et al., Defendants.

LOCAL UNION 25, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS, (UAW) AFL–CIO, Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS, AFL–CIO, (UAW), Defendant.

Nos. 87–0690C(6), 87–1437C(6).

United States District Court, E.D. Missouri, E.D.

June 9, 1988.

On Motion for Partial Summary Judgment Nov. 21, 1988.

Christopher Holthaus, St. Louis, Mo., Joseph Yablonski, Charles Roth, John Colwell, Washington, D.C., for plaintiffs.

Jordan Rossen, Leonard Page, Daniel Sherrick, Intern. Union, UAW, Detroit, Mich., Morris Levin, Sheldon Weinhaus, Levin & Weinhaus, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

GUNN, District Judge.

These consolidated proceedings involve claims under Title III of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 461, *et seq.*, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Presently before the Court are defendants' motion for summary judgment and/or sec-ondarily and alternatively to dismiss, plaintiffs' motion to determine the sufficiency of defendants' answers to plaintiffs' first request for admissions, and plaintiffs' motion for partial summary judgment. For the following reasons, the Court will deny defendants' motion on its merits and will deny plaintiffs' motion to determine the sufficiency of defendants' answers to plaintiffs' first request for admissions as moot. The Court will stay its consideration of plaintiffs' motion for partial summary judgment until such time as defendants have been given an opportunity to adequately respond to it.

Briefly stated, plaintiffs in both proceedings challenge the United Automobile, Aerospace and Agricultural Implement Workers, AFL-CIO's ("UAW") allegedly wrongful imposition of a trusteeship over the affairs of UAW Local 25 ("Local 25"). In *Belue v. UAW, et al.*, No. 87–0690C(6), filed with this Court on April 16, 1987, plaintiffs, various members of Local 25, seek declaratory, injunctive and monetary relief against defendants UAW, Ken Worley, director of UAW Region 5, and Cecil Lawson, former president of Local 25. They allege that defendants imposed the trusteeship on Local 25 without a fair hearing, in bad faith, and for an impermissible purpose in violation of Title III of the LMRDA, 29 U.S.C. § 461, *et seq.* In *Local 25 v. UAW*, No. 87–1437C(6), filed with this Court on August 5, 1987, plaintiff, Local 25, seeks the same relief as the plaintiffs in *Belue* against defendant UAW. However, in *Local 25*, and in addition to alleging a violation of Title III of the LMRDA, Local 25 alleges that the UAW breached its own constitution in imposing the trusteeship in violation of Section 301 of the LMRA.

Subsequent to filing the *Belue* action, but prior to filing the *Local 25* action, the plaintiffs in *Belue* sought temporary injunctive relief in this Court. On May 1, 1987, this Court denied their request largely because it determined that plaintiffs had lodged challenges to the trusteeship with both the UAW Public Review Board ("PRB") and the United States Department of Labor, had adequate remedies available

to them under these proceedings, and thus could not show that they would be irreparably harmed if an injunction did not issue. Plaintiffs immediately appealed this Court's decision to the Circuit Court of Appeals for the Eighth Circuit. On May 11, 1987, the PRB sustained plaintiffs' challenge and issued an order dissolving the trusteeship. Based on the representations of UAW's counsel that the UAW would comply with the PRB order, the Eighth Circuit dismissed plaintiffs' appeal as moot and remanded the case to this Court. Finally, on September 4, 1987, the Department of Labor concluded that the UAW had improperly imposed the trusteeship on Local 25 in violation of Title III of the LMRDA. However, since it determined that the violation had been remedied following the PRB's order dissolving the trusteeship, it declined to take any further action.

In support of their motion for summary judgment and/or secondarily and alternatively to dismiss, defendants advance two arguments. First, they contend that these proceedings should be dismissed as plaintiffs failed to exhaust their internal remedies as they are required to do before filing suit in federal court under both Title III of the LMRDA and the UAW Constitution. Second, they contend that in light of the Eighth Circuit's dismissal of plaintiffs' appeal and the subsequent dissolution of the trusteeship, these proceedings should now be dismissed as moot. The Court finds both of their contentions to be without merit and accordingly denies their motion.

■ First, it is clear that in an action of this kind plaintiffs are not required to exhaust their intra-union remedies. Unlike Titles I, IV and V of the LMRDA, Title III of the LMRDA, the title under which plain-' tiffs are now proceeding, does not contain an exhaustion requirement.[1] Moreover, and as the federal circuit courts of appeal which have considered the issue have reasoned, intra-union appeals would be unlike-

ly to provide much relief since the appeal would be to the very union which imposed the trusteeship. Accordingly, they have declined to graft onto the statute an exhaustion requirement. *See, e.g., International Union, Allied Indus. Workers v. Local Union No. 589, Allied Indus. Workers,* 693 F.2d 666, 676 n. 5 (7th Cir.1982); *McDonald v. Oliver,* 525 F.2d 1217, 1229 (5th Cir.1976), *cert. denied,* 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976); *Local Union 13410, United Mine Workers v. United Mine Workers,* 475 F.2d 906, 910 n. 6 (D.C.Cir.1973). *See also: Schonfeld v. Raftery,* 381 F.2d 446, 448 (D.C.Cir.1967) (union member may file suit under Title III of the LMRDA even though he did not first file a complaint with the Secretary of Labor); *United Brotherhood of Carpenters v. Brown,* 343 F.2d 872, 880–81 (10th Cir. 1965) (same). That in retrospect the intra-union remedy did provide plaintiffs some measure of relief should not alter their ability to file suit prior to availing themselves of such a remedy. In addition, defendants have altogether failed to demonstrate to this Court that plaintiffs could have obtained the monetary relief they request here through their appeal to the PRB. *See Local 314, National Post Office Mail Handlers v. National Post Office Mail Handlers,* 572 F.Supp. 133, 140 (E.D. Mo.1983) (exhaustion not required when the internal union remedies are inadequate).

■ Second, it is clear that neither the Eighth Circuit's dismissal of plaintiffs' appeal of this Court's decision not to grant preliminary injunctive relief nor the subsequent dissolution of the trusteeship moots these proceedings. In their prayers for relief, plaintiffs seek injunctive, declaratory and monetary relief. Generally speaking, "[w]here one of ... several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." *Pow-*

---

**1.** Section 304(a) of Title III of the LMRDA provides in pertinent part as follows:

Any member ... of a labor organization affected by any violation of this title ... may bring a civil action in any district court of the

United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate.

29 U.S.C. § 464(a).

ell v. McCormack, 395 U.S. 486, 497, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969) (citation omitted). When intervening events moot a claim for injunctive relief, a claim for declaratory or monetary relief keeps the case alive. *Powell*, 395 U.S. at 498–99, 89 S.Ct. at 1951–52; *Gibson v. DuPree*, 664 F.2d 175, 176–77 (8th Cir.1981). Accordingly, the Court finds that plaintiffs' claims for declaratory and monetary relief remain and are not moot. Moreover, it is equally clear that such claims are cognizable by this Court. *See, e.g., Local Union 13410*, 475 F.2d at 913 ("[t]he Local should ... be permitted to recover whatever monetary damages it suffered due to the wrongful imposition of the trusteeship"); *Higgins v. Harden*, 644 F.2d 1348, 1352 (9th Cir.1981) (award of attorney's fees in trusteeship case); *McDonald v. Oliver*, 525 F.2d 1217, 1227–28 (5th Cir.1976), *cert. denied*, 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976) (same).

In light of the foregoing, and as plaintiffs' themselves suggest, the Court finds that plaintiffs' motion to determine the sufficiency of defendants' answers to plaintiffs' first request for admissions is now moot.

Finally, the Court notes that defendants have yet to specifically address plaintiffs' motion for partial summary judgment in large part as they have relied on their own motion for summary judgment. As the Court finds that it would benefit from defendants' response, it shall grant them leave to file a response out of time. Accordingly.

IT IS HEREBY ORDERED that defendants' motion for summary judgment and/or secondarily and alternatively to dismiss be and it is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to determine the sufficiency of defendants' answers to plaintiffs' first request for admissions be and it is denied as moot.

IT IS FURTHER ORDERED that defendants shall be granted leave to file a response to plaintiffs' motion for partial summary judgment for a period not to exceed ten (10) days from the date of this Order.